**Donald C. Cofsky, Esquire (DCC/4490)**
**COFSKY & ZEIDMAN, LLC**
**209 Haddon Avenue**
**Haddonfield, NJ 08033**
**(856)429-5005**

Attorneys for Defendant, Families Thru International Adoption, Inc.

| | | |
|---|---|---|
| MASHA ALLEN, by her Parent and Guardian, FAITH ALLEN Johnstown, PA 15907 | : : : | |
| Plaintiff (s) | : | **UNITED STATES** |
| v. | : : | **DISTRICT COURT** |
| FAMILIES THRU INTERNATIONAL ADOPTION, INC. 400 Bentee Wes Court Evansville, IN 47715 | : : : : | **DISTRICT OF NEW JERSEY** CIVIL ACTION NO. 08cv4614(JHR) |
| and CHILD PROMISE, INC. (formerly known as Reaching Out Through International Adoption, Inc.) and REACHING OUT THROUGH INTERNATIONAL ADOPTION, INC. c/o Joseph P. Hudrick, Registered Agent 4 Ridge Road Southampton, NJ 08088 and JEANNENE SMITH 312 South Lincoln Avenue Cherry Hill, NJ 08002 | : : : : : : : : : : : : | **ANSWER OF DEFENDANT, FAMILIES THRU INTERNATIONAL ADOPTION, INC. TO PLAINTIFF'S COMPLAINT WITH CROSSCLAIMS AND THIRD PARTY COMPLAINT** |
| Defendants and | : : | |
| FRIENDS THRU INTERNATIONAL ADOPTION, INC. Third Party Plaintiff v. ADAGIO HEALTH, INC. (formerly known as Family Health Council, Inc. and trading as Family Adoption Center) 960 Penn Avenue, Suite 600 Pittsburgh, PA 15222 Third Party Defendant | : : : : : : : : : : : | |

1

Defendant, FAMILIES THRU INTERNATIONAL ADOPTION, INC., by of Answer to plaintiff's Complaint says:

## JURISDICTION AND VENUE

1. Admitted.

2. Neither admitted nor denied, and plaintiff is left to her proofs.

3. Neither admitted nor denied as to this defendant, and plaintiff is left to her proofs.

## FACTS

4. Admitted.

5. Admitted.

6. Admitted that FTIA acts through its agents, servants, and/or employees, but denies that any acts complained of in this Complaint were performed by any such agents, servants, and/or employees of FTIA.

7. Admitted.

8. Admitted.

9. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

10. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

11. Admitted.

12. Admitted.

13. Admitted that at one time Jeannene Smith was an agent of FTIA, but denied that she was an agent, servant, and/or employee of FTIA at the time of the acts complained of in plaintiff's Complaint were alleged to have occurred. The balance of the allegations of this paragraph are neither admitted nor denied, and plaintiff is left to her proofs.

14. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

15. Admitted that beginning in or about the summer of 1996 defendant Smith was an independent contractor for FTIA to provide education and information to the public to raise awareness of international adoption and of FTIA. The balance of the allegations are neither admitted nor denied as defendant is without sufficient information in order to for a belief, and plaintiff is left to her proofs.

16. Admitted that an application was submitted to Jeannene Smith. The balance of the allegations are neither admitted nor denied as defendant is without sufficient information in order to for a belief, and plaintiff is left to her proofs.

17. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs. The application speaks for itself.

18. Admitted that Mancuso requested a homestudy be prepared by Adagio Health, Inc. (formerly known as Family Adoption Center) in or about August or September of 1997.

19. Neither admitted nor denied as this calls for a legal conclusion. Further, the aforesaid statutes speak for themselves.

20. No answer is required. The statutes speak for themselves.

21. Denied. The homestudy prepared by Adagio speaks for itself, and the conclusions

advanced by the plaintiff are neither admitted nor denied and plaintiff is left to her proofs.

22. Denied that there were specific "red flags" as alleged by plaintiff. The balance of plaintiff's allegations with regard to FTIA are denied.

23. Admitted that Mancuso forwarded a letter to Jeannene Smith. The balance of the allegations of this paragraph are either denied or are neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

24. Denied as to this defendant. The balance of the allegations of this paragraph are neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

25. Denied that there were "red flags" but in any event denied as to this defendant.

26. Denied as to this defendant.

27. Admitted that FTIA was not the agency that placed the minor child with Mancuso. The balance of the allegations in this paragraph are denied.

28. Denied as stated. Admitted that the independent contractor relationship between defendant Smith and FTIA was terminated in or about January or February of 1998. Admitted that Smith formed ROTIA.

29. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

30. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

31. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

32. Admitted to the extent that the Pennsylvania Statute speaks for itself.

33. [Complaint does not contain a Paragraph 33]

34. Admitted.

35. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

36. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

37. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

38. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

39. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

40. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

41. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

42. Denied.

43. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

44. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

45. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

46. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

47. Neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

## COUNT I

### Minor Plaintiff v. FTIA

48. Defendant, FTIA, hereby repeats and incorporates its answers to Paragraphs 1 through 47 as it set forth herein at length.

49. (a-l)  Denied.

50. Denied that this defendant was negligent.  The balance of the allegations are neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

51. Denied that this defendant was negligent.  The balance of the allegations are neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

52. Denied that this defendant was negligent.  The balance of the allegations are neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

53. Denied that this defendant was negligent.  The balance of the allegations are neither

admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

## COUNT II

### Minor Plaintiff v. Child Promise, Inc.

54.-59.  The allegations in Count II, Paragraph 54 through 59, are not addressed to FTIA and as such the are neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

## COUNT III

### Minor Plaintiff v. ROTIA

60.-64.  The allegations in Count III, Paragraph 60 through 64, are not addressed to FTIA and as such the are neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

## COUNT IV

### Minor Plaintiff v. Jeannene Smith

65.-70.  The allegations in Count IV, Paragraph 65 through 70, are not addressed to FTIA and as such the are neither admitted nor denied as this defendant is without sufficient information in order to form a belief, and plaintiff is left to her proofs.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim against FTIA for which relief can be granted.

2. Plaintiff's Complaint is barred by the applicable statute of limitations and/or the Entire Controversy Doctrine.

3. This Court lacks jurisdiction over this defendant, FTIA.

4. This Court is the improper venue for the institution of this action and should therefore be dismissed.

5. The plaintiff has failed to join an indispensable party and/or indispensable parties to this action who were responsible for damages, if any, to the plaintiff, and as such plaintiff's Complaint should be dismissed.

6. Damages, if any, sustained by the plaintiff were caused or contributed to by third parties over whom this defendant had no control.

7. FTIA, a licensed non-profit charitable organization, is not liable for damages as it is entitled to the protection of Charitable Immunity under New Jersey statutes as made and provided.

8. This defendant, FTIA, never approved the adoption plan for the adopting father, Mancuso.

9. This defendant, FTIA, never placed the child with the adopting father, Mancuso.

10. This defendant, FTIA, never approved nor forwarded the dossier of the adopting father, Mancuso, to Russia for an adoptive match.

11. This defendant, FTIA, had no information or knowledge that the adopting father, Mancuso, ever had a child placed with him for purposes of adoption, nor did this defendant ever participate in any such adoption.

12. Defendant, Jeannene Smith, was never an employee of FTIA, nor was she an agent or servant of this defendant, FTIA, when any and all acts as complained of in plaintiff's Complaint were alleged to have occurred.

13. This defendant, FTIA, was not guilty of any negligence nor did it breach any duty to the plaintiff.

14. Any claims against this answering defendant are barred, and/or should be mitigated by the principles of contributory and/or comparative negligence.

15. Negligence, if any, on the part of this answering defendant was not the proximate cause of any injuries which may have been sustained by the plaintiff.

16. Plaintiff's claims are barred or limited by the equitable doctrines of latches, unclean hands, and/or waiver.

17. Plaintiff's claims, if any, are barred by the doctrine and/or defense of intervening and/or superceding cause.

18. This defendant asserts that if damages are found, defendant is entitled to a credit or setoff with respect to all collateral payments to plaintiff for injuries or damages arising from the damages alleged by the plaintiff.

19. This Court lacks *in personam* jurisdiction over the answering defendant, and defendant reserves the right to quash service of the Summons and Complaint.

20. Plaintiff has already been compensated for the damages from other third parties and as such there can be no further monetary recovery.

21. Damages, if any, assessed against this defendant are subject to reduction by way of comparative negligence of the other defendants named in this lawsuit.

22. Answering defendant, FTIA, hereby reserves the right to interpose such other defenses and objections as continuing investigation and discovery may disclose.

WHEREFORE, defendant, FAMILIES THRU INTERNATIONAL ADOPTION, INC., hereby demands judgment in its favor and against the plaintiff, dismissing the Complaint, plus attorneys fees, and costs of suit.

          COFSKY & ZEIDMAN, LLC
          BY:
          /s/ *Donald C. Cofsky*
          DONALD C. COFSKY, ESQUIRE
          Attorney for Defendant, Families Thru
DATED: 1-13-09          International Adoption, Inc.

## CROSSCLAIM

Answering defendant, FTIA, by way of crossclaim against all co-defendants, Child Promise, Inc. (formerly known as Reaching Out Through International Adoption, Inc.), Reaching Out Through International Adoption, Inc., and Jeannene Smith, says:

### FIRST COUNT

Without admitting any liability herein, answering defendant, FTIA, asserts that should liability be found against it, FTIA is entitled to and hereby claims contribution from the aforementioned co-defendants, pursuant to the provisions of the New Jersey Joint Tort Feasors Contribution Act, N.J.S.A. 2A:53a-1, et. seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et. seq., and N.J.S.A. 59:9-4, as well as any and all other statutes as made and provided whether in New Jersey or any other jurisdiction.

## SECOND COUNT

While answering defendant, FTIA, denies that it was negligent in any regard, answering defendant asserts that its negligence, if any, was passive, vicarious, and/or imputed, whereas the negligence of the aforementioned co-defendants was active and primary, and answering defendant is entitled to indemnity at common law, or contract from said co-defendants.

WHEREFORE, answering defendant, FAMILIES THRU INTERNATIONAL ADOPTION, INC., demands judgment by way of indemnity and/or contribution against the co-defendants, Child Promise, Inc. (formerly known as Reaching Out Through International Adoption, Inc., Reaching Out Through International Adoption, Inc.), and Jeannene Smith, for any sums judged due and owing to plaintiff herein.

## REPLY TO ALL CROSSCLAIMS

Defendant, FTIA, hereby denies all allegations contained in the cross claims, if any, of any other party.

                                                            COFSKY & ZEIDMAN, LLC
                                                             BY:
                                                    /s/ *Donald C. Cofsky*
                                                         DONALD C. COFSKY, ESQUIRE
                                                        Attorney for Defendant, Families Thru
DATED: 1-13-09                                         International Adoption, Inc.

## THIRD PARTY COMPLAINT

Families Thru International Adoption, Inc.  v.  Adagio Health, Inc.

1. Defendant, Families Thru International Adoption, Inc., Third Party Plaintiff, is a licensed

non-profit charitable adoption agency organized under the laws of the State of Indiana, with offices located at 400 Bentee Wes Court, Evansville, Indiana 47715.

2. Third Party Defendant, Adagio Health, Inc. (formerly known as Family Health Council, Inc. and trading as Family Adoption Center), is a Pennsylvania corporation with offices located at 960 Penn Avenue, Suite 600, Pittsburgh, Pennsylvania 15222.

3. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4. The amount in controversy is in excess of $75,000.

5. Venue is placed in the District Court of New Jersey pursuant to 28 U.S.C. § 1391 as it is believed that Third Party Defendant has conducted business in this district.

6. At all times relevant hereto Adagio Health, Inc. acted by or through its agents, servants, and/or employees, all operating within the scope of their employment or agency.

7. In or about August or September of 1997, Matthew Mancuso requested Adagio perform and issue a homestudy in conjunction with his intention to attempt to adopt a young child from Russia, of either sex, and possibly with special needs.

8. In or about late November of 1997, Adagio issued a written homestudy for Mancuso approving him for an adoption placement and specifically recommending the placement of the child from Russia, age 5 or 6, male or female, and possibly with a medical special need.

9. Prior to issuing an approved homestudy, Adagio is and was required to comply with all statutes, standards, and regulations governing preparation of homestudies, including verification of all information and background.

10. FTIA and any and all other adoption agencies are and were permitted to rely on

homestudies prepared by other adoption agencies, including Adagio, for use in international adoptions.

11. Adagio was careless and negligent in its investigation and checking of Mancuso and in the preparation and issuance of an approved homestudy for him for an international adoption.

12. At all times relevant hereto Adagio knew or should have known that other agencies as well as child placing institutions in foreign countries would rely on the homestudy prepared for Mancuso.

13. Subsequent to the preparation and issuance of the Mancuso homestudy, a female child from Russia was placed with him and adopted in Russia by him, through and with the assistance of ROTIA and Child Promise, Inc.

14. Adagio was careless and negligent in failing to conduct post placement adoption supervision as required by statute or regulation, having previously provided Mancuso with the homestudy prior to the adoption in Russia.

15. The aforesaid child, Masha Allen, by her PNG, Faith Allen, has initiated a law suit under the above docket number alleging abuse of her by Mancuso and further alleging that the adoption occurred as a result of the negligence of the defendants named above.

16. To the extent that FTIA was responsible for the adoption or the injuries as alleged by the plaintiff, any such responsibility was caused or contributed to by the negligent acts or omissions of Adagio relating to its homestudy of Mancuso and failure to conduct post placement adoptive supervision.

17. As a result of the carelessness and negligence of Adagio, third party plaintiff, FTIA, has and/or will sustain damages.

WHEREFORE, third party plaintiff, FTIA, demands judgment in its favor and against the third party defendant, Adagio Health, Inc., for damages, plus interest, attorneys fees, and costs of suit.

                                      COFSKY & ZEIDMAN, LLC
                                      BY:

                                        /s/ *Donald C. Cofsky*
                                      DONALD C. COFSKY, ESQUIRE
                                      Attorney for Defendant/Third Party
                                      Plaintiff, Families Thru

DATED: 1-13-09                               International Adoption, Inc.

## **CERTIFICATE OF SERVICE**

Donald C. Cofsky, Esquire, of full age, hereby certifies that the within Answer, Counterclaim, and Third Party Complaint has been electronically filed with the Clerk of the United States District Court for the District of New Jersey within the time and in the manner prescribed by the Rules of Court and as extended by agreement of plaintiff's counsel, and that a copy of the within pleading has been served this date by regular mail, postage prepaid, upon:

        Robert N. Hunn, Esquire
        KOLSBY, GORDON, ROBIN,
        SHORE & BEAR
        2000 Market Street, 28th Floor
        Philadelphia, PA 19103

        CHILD PROMISE, INC. (formerly known as
        Reaching Out Through International Adoption, Inc.)
                and
        REACHING OUT THROUGH   INTERNATIONAL
        ADOPTION, INC.
        c/o Joseph P. Hudrick, Registered Agent
        4 Ridge Road
        Southampton, NJ 08088

        JEANNENE SMITH
312 South Lincoln Avenue
Cherry Hill, NJ 08002

and with a Notice of Lawsuit and request to waive service of summons, by certified mail, return receipt requested, and by regular mail, both with postage prepaid, upon:

        ADAGIO HEALTH, INC. (formerly known as
Family Health Council, Inc. and trading as
Family Adoption Center)
960 Penn Avenue, Suite 600
Pittsburgh, PA 15222

        I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment as per the Rules of Court.

        COFSKY & ZEIDMAN, LLC
BY:

        ___/s/_ *Donald C. Cofsky*
DONALD C. COFSKY, ESQUIRE
Attorney for Defendant/Third Party
Plaintiff, Families Thru
International Adoption, Inc.

Dated: __1-13-09__

        209 Haddon Avenue
Haddonfield, NJ 08033
 Phone:  (856)429-5005
 Fax:    (856)429-6328
 E-Mail: dcc@209law.com