# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASHA ALLEN, by her Parent and Guardian FAITH ALLEN<br><br>vs.<br><br>FAMILIES THRU INTERNATIONAL ADOPTION, INC., CHILD PROMISE, INC. (formerly known as Reaching Out Through International Adoption, Inc), REACHING OUT THRU INTERNATIONAL ADOPTION, INC. and JEANNENE SMITH | :DOCKET NO. 08 CV 4614 (JHR)<br>:<br>:<br>:<br>:<br>:<br>:NOTICE OF MOTION OF COUNSEL<br>:FOR PLAINTIFF FOR LEAVE TO<br>:WITHDRAW REPRESENTATION<br>:<br>:<br>: |

TO:   FAITH ALLEN, parent and guardian of MASHA ALLEN
P.O. BOX 1522
JOHNSTOWN, PA 15907

DAVID S. BILLS, Esquire
DAVID S. BILLS, P.C.
TOWER PLACE 100
SUITE 1530
3340 PEACHTREE ROAD,
ATLANTA, GA 30326

| | |
|---|---|
| Return Date of Motion: | April 6, 2009 |
| Location of Motion: | Federal District Court of New Jersey |
| Relief of Order Sought: | Order Granting Plaintiff's Counsel Leave to Withdraw as Counsel For Plaintiff |
| Supporting Documentation: | Attorney Certification and Brief |
| Request For Oral Argument: | Oral argument is requested |

1

I certify that the original Notice of Motion, original proposed Order and two copies of the original proposed Order were filed with the Court within the time prescribed by Rule.

                          **KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

                          ROBERT N. HUNN
                          ATTORNEY FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASHA ALLEN, by her Parent and Guardian FAITH ALLEN | : <br> :DOCKET NO. 08 CV 4614 (JHR) <br> : |
| vs. | : <br> : |
| FAMILIES THRU INTERNATIONAL ADOPTION, INC., CHILD PROMISE, INC. (formerly known as Reaching Out Through International Adoption, Inc), REACHING OUT THRU INTERNATIONAL ADOPTION, INC. and JEANNENE SMITH | :ORDER SCHEDULING <br> :TELEPHONIC CONFERENCE <br> :WITH PLAINTIFF'S COUNSEL, <br> :PLAINTIFF AND DAVID S. BILLS, <br> :ESQUIRE <br> : <br> : |

This matter having been open to the court by Robert N. Hunn, Esquire, attorney for plaintiff Masha Allen, for an Order Granting Plaintiff's Counsel Leave to Withdraw As Counsel For The Plaintiff and having considered the papers submitted by the parties, and for good cause appearing:

**IT IS**, on this _____ day of _____, 2009, ordered as follows: A telephonic conference with the Honorable Anne Marie Donio will be held on the _____ day of _____, 2009 at _____ .m between Robert N. Hunn, Esquire, Faith Allen and David S. Bills, Esquire. Robert N. Hunn to initiate the conference call.

BY THE COURT:

_____
J.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASHA ALLEN, by her Parent and Guardian FAITH ALLEN | : <br> :DOCKET NO. 08 CV 4614 (JHR) <br> : |
| vs. | : <br> : |
| FAMILIES THRU INTERNATIONAL ADOPTION, INC., CHILD PROMISE, INC. (formerly known as Reaching Out Through International Adoption, Inc), REACHING OUT THRU INTERNATIONAL ADOPTION, INC. and JEANNENE SMITH | :**ORDER GRANTING** <br> :**COUNSEL FOR PLAINTIFF** <br> :**LEAVE TO WITHDRAW** <br> : <br> : <br> : <br> : <br> : |

This matter having been open to the court by Robert N. Hunn, Esquire, attorney for plaintiff Masha Allen, for an Order Granting Plaintiff's Counsel Leave to Withdraw As Counsel For The Plaintiff and having given notice to counsel for all parties, and having considered the papers submitted by the parties, and for good cause appearing:

**IT IS**, on this _____ day of _____, 2009, ordered as follows: Robert N. Hunn Esquire and the law firm of Kolsby, Gordon, Robin, Shore & Bezar are granted leave to withdraw as counsel for the plaintiff. This matter shall be stayed sixty (60) days from the date of this order to provide plaintiff with time to retain legal representation.

                                                                       BY THE COURT:

                                                                       _____
                                                                                    J.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASHA ALLEN, by her Parent and Guardian FAITH ALLEN | :DOCKET NO. 08 CV 4614 (JHR) |
| vs. | |
| FAMILIES THRU INTERNATIONAL ADOPTION, INC., CHILD PROMISE, INC. (formerly known as Reaching Out Through International Adoption, Inc), REACHING OUT THRU INTERNATIONAL ADOPTION, INC. and JEANNENE SMITH | :CERTIFICATION OF ATTORNEY :ROBERT N. HUNN |

    1.    I am an attorney licensed to practice law in the State and Federal Courts of New Jersey. I represent the plaintiffs in the above matter and am intimately familiar with the facts of this case.

    2.    The instant litigation was commenced on September 15, 2008.

    3.    Counsel for plaintiff has filed the instant Motion seeking leave of Court to withdraw as plaintiff's counsel.

    4.    In support of Counsel's petition, counsel relies on the annexed Brief In Support of Motion of Counsel For Plaintiff For Leave to Withdraw.

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KOLSBY, GORDON, ROBIN, SHORE & BEZAR

_____
ROBERT N. HUNN
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, Robert N. Hunn, Esquire, attorney for plaintiffs, hereby certify and state that a true and correct copy of Counsel's Notice of Motion of Plaintiff's Counsel For Leave to Withdraw was served on the _10_ day of March, 2009 as follows:

Via email, certified mail and U.S. Mail on:

        Faith Allen
        P.O. Box 1522
        Johnstown, PA 15907

        David S. Bills, Esquire
        David S. Bills, P.C.
        Tower Place 100
        Suite 1530
        3340 Peachtree Road, N.E.
        Atlanta, GA 30326

VIA U.S. mail:

        Jeannene Smith
        312 S. Lincoln Avenue
        Cherry Hill, New Jersey  08002

        Donald C. Cofsky, Esquire
        Cofsky & Zeidman, LLC
        209 North Haddon Avenue
        Haddonfield, New Jersey  08033-2322

KOLSBY, GORDON, ROBIN, SHORE & BEZAR

_____
ROBERT N. HUNN
ATTORNEY FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASHA ALLEN, by her Parent and Guardian FAITH ALLEN : | DOCKET NO. 08 CV 4614 (JHR) |
| vs. : | |
| FAMILIES THRU INTERNATIONAL ADOPTION, INC., CHILD PROMISE, INC. (formerly known as Reaching Out Through International Adoption, Inc), REACHING OUT THRU INTERNATIONAL ADOPTION, INC. and JEANNENE SMITH : | |

## COUNSEL FOR PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR THE PLAINTIFF

KOLSBY GORDON ROBIN SHORE & BEZAR

Robert N. Hunn    /s/
ROBERT N. HUNN
2000 Market, St., 28th floor
Philadelphia, PA 19103
215-851-9700
rhunn@kolsbygordon.com

Return Date: April 6, 2009

1

TABLE OF CITATIONS

PAGE

CASES

Haines v. Liggett,..................................................6
814 F. Supp 414 (D.N.J 1993)


Rusinow v. Kamara,...............................................5
920 F. Supp 69, (D.N.J. 1996)

RULES

NJDC Local Rule of Civil Procedure 102.1..............................5

New Jersey Rules of Professional Conduct 1.16........................5

OTHER CITATION

N. Dorsen,
*Regulation of Lawyers: Problems of Law and Ethics* 432 (1989).....6

Movant, Robert N. Hunn, Esquire and the law firm of Kolsby, Gordon, Robin, Shore & Bezar (hereinafter collectively referred to as "KGRSB") respectfully submit their Brief in support of Petition of Counsel for Leave to Withdraw.

## I.    CONCISE STATEMENT OF FACTS

### a) Underlying litigation

This is a negligence action against two adoption agencies and a founder of one of the agencies for the wrongful adoption placement of the plaintiff, Masha Allen, with a pedophile. Masha was born on August 26, 1992 in Russia. Matthew Mancuso began an adoption process in the fall of 1997 through defendant Jeannene Smith who at the time was employed by defendant Families Thru International Adoption ("FTIA"). Ms. Smith was formally terminated from her position with FTIA in February of 1998 and quickly formed her own adoption agency called Reaching Out Thru International Adoption ("ROTIA").

ROTIA and Smith completed Mancuso's adoption process and paired Mancuso with Masha in the spring of 1998. Mancuso took legal custody of Masha in the summer of 1998.

Sadly, Mancuso was a pedophile. Mancuso abused Masha and photographed her for dissemination over the internet. In 2003, Mancuso was arrested and charged with various counts of abuse. He is currently in prison. Masha was subsequently adopted by Faith Allen.

### b) KGRSB's Retained As Counsel

KGRSB is a law firm with offices in Haddonfield, New Jersey and Philadelphia, Pennsylvania. In the Summer of 2008, KGRSB was contacted by attorney David S. Bills (a Georgia attorney) who represents Faith and Masha Allen with regards to representing Masha in litigation against the adoption agencies involved in her adoption to Mancuso. KGRSB accepted the representation.

This matter was the subject of a Congressional Sub-Committee Hearing on September 27, 2006. All of the defendants gave testimony on this matter before the Sub-Committee. Additionally, the Sub-Committee subpoenaed all relevant documents from the parties.

KGRSB filed the instant litigation on September 15, 2008 and continued to investigate the case. For example, KGRSB came into possession of New Jersey Division of Youth and Family Services investigation of Masha's adoption.

Over the next few months, irreconcilable differences arose between KGRSB and Mr. Bills and Masha's mother, Faith Allen. In order to protect the interests of Masha, KGRSB cannot and will not disclose the irreconcilable differences in a public filing but request an opportunity to present these differences to the court in camera (and in the presence of Mr. Bills and Ms. Allen.). The irreconcilable differences have made it impossible for KGRSB to continue as counsel for the plaintiff. On January 30, 2009, KGRSB spoke with Mr. Bills and Ms. Allen to inform them that the irreconcilable differences have reach a point where KGRSB cannot represent the plaintiff. KGRSB recommended seeking new counsel to continue the litigation. The differences have not resolved but have worsened since the January 30, 2009 discussion. Ms.

Allen, through Mr. Bills, has informed KGRSB that she does not wish for KGRSB to discontinue their representation and opposes the instant Petition to Withdraw.

The instant litigation is in an extremely nascent stage. After the complaint was served, requests were made by defendants for time to determine whether insurance coverage, dating back a decade, would be available to them. It is KGRSB's understanding that the investigation of insurance coverage was completed in and about December 2008/January 2009.

At this juncture, there has been no discover exchanged and no depositions have been taken. Trial has not been scheduled and is not imminent. The completion of the discovery scheduling conference is currently scheduled for April 6, 2009. Plaintiff has produced a Rule 26 disclosure statement. Defendants have not yet produced their statements.

## II.   LEGAL DISCUSSION

Local Rule of Civil Procedure 102.1 provides the legal authority for a Motion to Withdraw as Counsel. It states, in relevant part, "unless other counsel is substituted for a party, no attorney may withdraw an appearance except by leave of Court. The decision as to whether to grant a Motion to Withdraw is within this Court's discretion. <u>Rusinow v. Kamara</u>, 920 F. Supp 69, (D.N.J. 1996)

The New Jersey Rules of Professional Conduct also comments on a lawyer's ability to withdraw from representing a client. Rule of Professional Conduct 1.16 states in pertinent part:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interest of the client, **or** if….. (emphasis added)

RPC 1.16

RPC 1.16 has been interpreted by some commentators as providing for withdrawal under two circumstances: (1) for any reason, so long as no material adverse effect on the client occurs and (2) for good cause, such as financial hardship even if withdrawal has a material adverse effect on the client. See, <u>Haines v. Liggett</u>, 814 F. Supp 414 (D.N.J 1993) <u>citing</u> N. Dorsen, *Regulation of Lawyers: Problems of Law and Ethics* 432 (1989).

KGRSB submits that withdraw at this juncture of the litigation will not, in any way, materially affect or even remotely prejudice the rights of the plaintiff. First, the litigation is in an extremely early stage. No discovery has been exchanged, no depositions have been taken and the scheduling conference has yet to be completed. Trial of the case is neither imminent nor has it even been scheduled. There have been no settlement discussions and KGRSB will certainly use its best efforts to quickly and efficiently transfer the file to a new attorney and will work with the attorney in learning the file.

Second, the case is not encumbered by a pending statute of limitations. The minor plaintiff is currently 15 and the statute of limitation on her claims will not expire until August 26, 2012. Consequently, there is ample time to pursue her claims with a new attorney.

Certainly, KGRSB in no way seeks to prejudice the plaintiff and her ability to pursue claims. KGRSB seeks to discuss the irreconcilable differences with the court, in the presence of Mr. Bills and Ms. Allen, to explain why KGRSB is no longer the appropriate firm to represent the plaintiff.

Lastly, KGRSB submits that the defendants will not be prejudiced by KGRSB's withdraw as plaintiff's counsel. A withdraw at this time will not delaying any pending discovery or a pending trial date. KGRSB has submitted to the defense a Rule 26 disclosure statement

advising of the known witnesses and documentary evidence.  Consequently, a withdraw by KGRSB at this time is in no way interfering with the defendants' ability to prepare a defense.  The defendants took part in the September 2006 Congressional Sub-Committee hearing and have equal access to the testimony and documentation preserved by that hearing.

### III. CONCLUSION

In sum, KGRSB respectfully requests that this Honorable Court enter the proposed order attached to this Motion permitting KGRSB to withdraw as counsel for the plaintiff and stay this matter for 60 days to permit plaintiff to obtain new counsel.

KOLSBY GORDON ROBIN SHORE & BEZAR

By:_____Robert N. Hunn  /s/_____
             ROBERT N. HUNN
             Counsel for Plaintiff.