**Jeannene Smith**
**312 S. Lincoln Avenue**
**Cherry Hill, NJ 08002**
**(856) 321-0808**

For Defendant, Jeannene Smith

---

| | |
|---|---|
| MASHA ALLEN, by her Parent and Guardian, FAITH ALLEN | : |
| Plaintiff(s) | : **UNITED STATES** |
| | : **DISTRICT COURT** |
| v. | : |
| | : **DISTRICT OF NEW JERSEY** |
| FAMILIES THRU INTERNATIONAL ADOPTION, INC | : Civil No. 08-4614 (JHR) |
| | : *Judge Joseph H. Rodriguez* |
| And | : |
| CHILD PROMISE, INC. (formerly known as Reaching Out thru International Adoption, Inc.) *and* REACHING OUT THRU INTERNATIONAL ADOPTION, INC. | : |
| And | : |
| JEANNENE SMITH | : |
| Defendants | : |
| | : **DEFENDANT'S SUPPLEMENTAL** |
| And | : **POINTS & AUTHORITIES** |
| FAMILIES THRU INTERNATIONAL ADOPTION, INC. | : |
| Third Party Plaintiff | : **IN OPPOSITION TO PLAINTIFFS'** |
| v. | : **MOTION FOR DEFAULT** |
| | : **JUDGMENT** |
| ADAGIO HEALTH, INC. (formerly known as Family Health Council, Inc., *and* trading as "Family Adoption Center") | : |
| Third Party Defendant | : |

---

Comes Now, the Defendant, JEANNENE SMITH, *pro se*, to provide Supplemental Points & Authorities in Opposition to Plaintiff's Motion to Enter Default Judgment, and as reasons states:

1. Defendant hereby *incorporates herein as if fully set forth below* her previously filed Opposition to Plaintiff's Motion to Strike Defendant's Answer, because the facts and circumstances surrounding both matters address the same legal issue and that an Order granting Plaintiff's request for Default would effectively render Defendant's Answer *moot*.

**Allen vs. FTIA**, *et al*  
Civil No. 08-4614 (JHR)  
Judge *Joseph H. Rodriguez*

**Defendant's Supplemental Points & Authorities**  
**in Opposition to Plaintiff's Motion**  
**for Default Judgment**

2. In furtherance of both of Defendant's Oppositions to the Default Request and Strike Answer Motions, Defendant cites as legal authority the case of *Atlantic Recording vs. Brennan*, --- F.Supp.2d ----, 2008 WL 445819 (D. Conn.), Civil No. 3:07cv232 (JBA).

3. Additionally, Defendant incorporates the legal references and reasoning therein, to the extent it applies to the matter at hand.

Respectfully submitted,

BY JEANNENE SMITH  
312 S. Lincoln Avenue  
Cherry Hill, NJ 08002  
(856) 321-0808

*/s/ Jeannene Smith*  
JEANNENE SMITH

DATED: 4/6/09

Exhibit:

1. Copy of case, *Atlantic Recording vs. Brennan*.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under Penalties of Perjury that on this _____ day of April 2009 a copy of the foregoing Defendant's *pro se Supplemental Points & Authorities in Opposition to Plaintiff's Motion for Default Judgment* was mailed *via* US Postal Service, First-Class, Postage Pre-Paid to:

Robert N. Hunn, Esquire  
KOLSBY, GORDON, ROBIN,  
SHORE & BEAR  
2000 Market Street, 28th Floor  
Philadelphia, PA 19103

CHILD PROMISE, INC.  
(*formerly known as Reaching Out Through International Adoption, Inc.*)  
and  
REACHING OUT THROUGH INTERNATIONAL ADOPTION, INC.  
c/o Joseph P. Hudrick, Registered Agent  
4 Ridge Road  
Southampton, NJ 08088

Donald C. Cofsky, Esquire  
DOFSKY & ZEIDMAN, LLC  
209 Haddon Avenue  
Haddonfield, NJ 08033

ADAGIO HEALTH, INC.  
(*formerly known as Family Health Council, Inc. and trading as Family Adoption Center*)  
960 Penn Avenue, Suite 600  
Pittsburgh, PA 15222

*/s/ Jeannene Smith*  
Jeannene Smith, *pro se*

Westlaw.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 445819 (D.Conn.)  
(Cite as: --- F.Supp.2d ----)

Page 1

Atlantic Recording Corp. v. Brennan  
D.Conn.,2008.  
Only the Westlaw citation is currently available.  
United States District Court,D. Connecticut.  
ATLANTIC RECORDING CORPORATION, Elektra Entertainment Group Inc., Interscope Records, Sony BMG Music Entertainment, and BMG Music, Plaintiffs,  
v.  
Christopher David BRENNAN, Defendant.  
Civil No. 3:07cv232 (JBA).

Feb. 13, 2008.

Alexander D. Pencu, Brian E. Moran, Robinson & Cole, Stamford, CT, for Plaintiffs.

## RULING ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

JANET BOND ARTERTON, District Judge.

*1 Several recording industry Plaintiffs filed this copyright infringement action against Defendant Christopher David Brennan [FN1] on February 15, 2007, who was served on March 22, 2007. On July 30, 2007, with the Defendant having failed to respond or appear, Plaintiffs moved for entry of default pursuant to Rule 55(a), which the Clerk granted on August 6, 2007. Subsequently, Plaintiffs timely filed a Motion for Default Judgment [Doc. # 10] which is now the subject of this ruling. For the reasons that follow, Plaintiffs' motion is denied.

### I. Plaintiffs' Complaint

In their Complaint [Doc. # 1], Plaintiffs alleged that, on "inform[ation] and belie[f]," Mr. Brennan had violated certain of their exclusive rights protected by 17 U.S.C. § 106, specifically the rights to reproduce and distribute copyrighted works. In relevant part, the allegations in the one-count Complaint are as follows:

11. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings"). The Copyrighted Recordings include but are not limited to each of the copyrighted sound recordings identified in Exhibit A attached hereto.... In addition to [these works], Copyrighted Recordings also include certain of the sound recordings listed on Exhibit B which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels....

13. Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyright Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution....

15. Plaintiffs are informed and believe that the foregoing acts of infringement have been

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-04614-JHR-AMD   Document 37   Filed 04/07/09   Page 4 of 8 PageID: 282

--- F.Supp.2d ----, 2008 WL 445819 (D.Conn.)
(Cite as: --- F.Supp.2d ----)

Page 2

willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

16 As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) [and] attorneys' fees and costs pursuant to 17 U.S.C. § 505.

(Compl.¶¶ 11-16.) The Plaintiffs are also seeking injunctive relief pursuant to 17 U.S.C. §§ 502 and 503. (*Id.* ¶ 17.)

## II. Discussion

### A. Relevant Legal Principles

It is somewhat unusual to discuss in detail the principles underlying a district court's decision whether to grant a motion for default judgment. Guidance from the Second Circuit is often phrased in terms of leaving the matter "to the sound discretion of a district court," citing the need to evaluate the circumstances of a particular case and "to evaluate the credibility and good faith of the parties."*Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir.1993); *Davis v. Musler,* 713 F.2d 907, 912 (2d Cir.1983) (quotation marks omitted). Once the clerk enters default pursuant to Rule 55(a), the factual allegations of the complaint, except those pertaining to damages, should ordinarily be taken as true, *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir.1981), with any "doubt [being] resolved in favor of the defaulting party,"*Enron Oil,* 10 F.3d at 96. Taking these principles a step further, the Second Circuit has explained elsewhere that the entry of default "constitute[s] a concession of all *well pleaded allegations* of liability,"*Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992) (emphasis added), but without then elaborating on the standard by which the allegations in such a complaint should be measured.

*2 The treatises offer some further direction. Citing to Wright & Miller, *Au Bon Pain* counseled that "a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action."653 F.2d at 65. Moore's Federal Practice suggests linking the question of whether to enter default judgment to the related issue of whether to grant a defaulting party relief under Rules 55(c) or 60(b):

Similar considerations govern a court's exercise of its discretion to set aside a default or a default judgment[.] These considerations are usually listed as (1) whether the default was willful or culpable; (2) whether granting relief from the default would prejudice the opposing party; and (3) whether the defaulting party has a meritorious defense. Such considerations are, therefore, also appropriate considerations when deciding whether to render a default judgment. This is logical. When faced with the decision concerning whether to render a default judgment in the first place, a court logically should consider whether factors are present that would later oblige the court to set that default judgment aside.

10 J. Moore, et al., *Moore's Federal Practice* § 55.31[2] (3d ed.2007) (footnotes omitted). The Second Circuit made this same linkage in *Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 170-71 (2d Cir.2001), where the defaulting party appealed the entry of default judgment rather than following the more common practice of moving to vacate the default judgment.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-04614-JHR-AMD   Document 37   Filed 04/07/09   Page 5 of 8 PageID: 283

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 445819 (D.Conn.)
(Cite as: --- F.Supp.2d ----)

Page 5

After noting this peculiarity, the court explained that it would review the default judgment granted below according to the same three factors which arise in a Rule 55(c) or 60(b) inquiry: (1) "the willfulness of default"; (2) "the existence of a meritorious defense"; and (3) "the possibility of prejudice to the plaintiffs should the default judgment be vacated."*Id.* at 171;*see also Davis,* 713 F.2d at 915 (enumerating the same considerations in the context of a Rule 60(b) motion). These factors will guide the Court's disposition of Plaintiffs' motion here.

**B. Willfulness**

Beginning first with the question of Mr. Brennan's willfulness, the Second Circuit has characterized this "subjective inquiry" as one which

> effectively distinguishes those defaults that, though due to neglect, are excusable, from those that are not. At the same time, we recognize that the degree of negligence in precipitating a default is a relevant factor to be considered, [and that] [g]ross negligence can weigh against the party seeking relief from a default judgment, though it does not necessarily preclude relief.

*Am. Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir.1996) (footnote and citations omitted). On the current sparse record, there is nothing which suggests what Mr. Brennan's reasons were or are for not participating in this action. Lacking more information, the Defendant's failure to answer the complaint after proper service can be characterized as negligent at most, perhaps cutting slightly in favor of the Plaintiffs, if at all. *See Am. Alliance,* 92 F.3d at 62 (concluding that "gross negligence weighs somewhat against the defaulted party"); *Wagstaff-El v. Carlton Press Co.,* 913 F.2d 56, 57 (2d Cir.1990) (crediting the trial court's view of the defendant's conduct as " 'so nonchalant as to be willful' "); *cf. New York v. Green,* 420 F.3d 99, 108 (2d Cir.2005) (finding willfulness based on defendants' "overall plan to delay the proceedings") (quotation marks omitted).

**C. Meritorious Defenses**

*3 As to whether Mr. Brennan would have a meritorious defense to the complaint's allegations, this second factor does not demand a high showing. A possible defense is sufficient even if not "ultimately persuasive at this stage," *Am. Alliance,* 92 F.3d at 61, so long as there is something more than mere "conclusory denials," *Enron Oil,* 10 F.3d at 98. According to the *Enron Oil* court, "[t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."*Id.*

Plaintiffs' allegations stem from two exclusive rights protected by copyright: (1) reproduction and (2) distribution. The former derives from 17 U.S.C. § 106(1), which grants a copyright owner the right "to reproduce the copyrighted work in copies or phonorecords."The latter distribution right is set out in § 106(3), describing the right "to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending."A plaintiff alleging copyright infringement must establish two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-04614-JHR-AMD    Document 37    Filed 04/07/09    Page 6 of 8 PageID: 284

--- F.Supp.2d ----, 2008 WL 445819 (D.Conn.)
(Cite as: --- F.Supp.2d ----)

Page 4

work that are original."*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). With the nonexistent factual record-barren because the entirety of Plaintiffs' substantive infringement allegations are on "inform [ation] and belie[f]"-it is unknown whether Mr. Brennan would have a meritorious defense to the claim that he violated Plaintiffs' reproduction rights other than to deny that their "inform[ation] and belie[f]" is actionable and to seek refuge in the fair use doctrine, 17 U.S.C. § 107. At least one aspect of Plaintiffs' distribution claim is problematic, however, namely the allegation of infringement based on "mak[ing] the Copyrighted Recordings available for distribution to others."(Compl.¶ 13.) This amounts to a valid ground on which to mount a defense, for "without actual distribution of copies ... there is no violation [of] the distribution right." 4 William F. Patry, *Patry on Copyright* § 13:9 (2007); *see also id.* n. 10 (collecting cases); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1162 (9th Cir.2007) (affirming the district court's finding "that distribution requires an 'actual dissemination' of a copy").

In other similar cases brought by these Plaintiffs and other record labels, individual defendants have raised a host of colorable defenses; but due to the varying procedural postures, the viability of these defenses has largely yet to be conclusively determined. The defenses which have possible merit include: (1) whether the amount of statutory damages available under the Copyright Act, measured against the actual money damages suffered, is unconstitutionally excessive, *see UMG Recordings, Inc. v. Lindor*, No. 05-1095, 2006 WL 3335048, at *3 (E.D.N.Y.2006) (finding the defense non-frivolous); *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 588 (6th Cir.2007) (rejecting the defense as to a 44:1 damages ratio); *see generally* Blaine Evanson, *Due Process in Statutory Damages*, 3 Geo. J.L. & Pub. Pol'y 601, 637 (2005);[FN2] and (2) whether the Plaintiffs and their recording industry peers, by bringing infringement suits like this one, have engaged in anticompetitive behavior constituting copyright misuse, *see Lava Records LLC v. Amurao*, No. 07-321 (S.D.N.Y. Jan. 16, 2007) (motion to dismiss copyright misuse counterclaim pending); *Assessment Techs. of WI, LLC, v. WIREdata, Inc.*, 350 F.3d 640, 647 (7th Cir.2003) ("The doctrine of misuse prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly .") (quotation marks omitted).

*4 In light of these potential defenses, the Court finds that this second factor weighs in favor of Mr. Brennan.

### D. Prejudice to Plaintiffs

The third factor, whether denying the motion for default judgment will prejudice the non-defaulting parties, requires something more than mere delay of the relief Plaintiffs seek. *Enron Oil*, 10 F.3d at 98. Plaintiffs would be prejudiced if denying the motion "may result in the loss of evidence, create increased difficulties of recovery, or provide greater opportunity for fraud and collusion."*Green*, 420 F.3d at 110. Although Plaintiffs are seeking injunctive relief, this prospective concern is once again premised on Plaintiffs' "inform[ation] and belie[f]" as to Mr. Brennan's infringing conduct. Thus, there is no indication that any of the risks highlighted in *Green* are present here, and so this factor weighs against granting default judgment.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-04614-JHR-AMD  Document 37  Filed 04/07/09  Page 7 of 8 PageID: 285

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 445819 (D.Conn.)
(Cite as: --- F.Supp.2d ----)

Page 5

Consequently, with two of the *Pecarsky* factors pointing in Mr. Brennan's favor, and the third barely, if at all, favoring Plaintiffs, the Court finds that default judgment is inappropriate.

### E. Relationship to Rule 12(b)

Running parallel to the three-factor *Pecarsky* analysis is another concern: whether, given recent precedent, Plaintiffs' complaint adequately states a claim upon which relief may be granted. Last Term, the Supreme Court clarified that to survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."*Bell Atl. Corp. v. Twombly,* --- U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Importantly, the Court emphasized that this requires "[f]actual allegations [which are] enough to raise a right to relief above the speculative level."*Id.; see ATSI Comm'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 n. 2 (2d Cir.2007) ("declin[ing] to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases").

In *Interscope Records v. Rodriguez,* No. 06-2485, 2007 WL 2408484, at *1 (S.D.Cal. Aug.17, 2007), the court was faced with a similar motion for default judgment by recording industry plaintiffs against an unresponsive defendant. After noting the Supreme Court's recent language in *Twombly* quoted above, the court reasoned:

Plaintiff here must present at least some facts to show the plausibility of their allegations of copyright infringement against the Defendant. However, other than the bare conclusory statement that on "information and belief" Defendant has downloaded, distributed and/or made available for distribution to the public copyrighted works, Plaintiffs have presented no facts that would indicate that this allegation is anything more than speculation. The complaint is simply a boilerplate listing of the elements of copyright infringement without any facts pertaining specifically to the instant Defendant. The Court therefore finds that the complaint fails to sufficiently state a claim upon which relief can be granted and entry of default judgment is not warranted.

*5 *Id.* Notably, the complaint in *Rodriguez* was nearly identical to the one filed by Plaintiffs in this case, particularly in the respect that gives this Court pause. Rather than provide "[f]actual allegations" sufficient to make their claims for relief more than mere conjecture, Plaintiffs' allegations of infringement lack any factual grounding whatsoever, and rely instead on their "inform[ation] and belie[f]" that Mr. Brennan willfully violated their exclusive rights. (Compl.¶¶ 13, 15.) This is the type of "speculative" pleading which is insufficient under *Twombly,* and Plaintiffs' complaint is therefore inadequate.

For this additional, independent reason, and keeping in mind the Second Circuit's guidance that entry of default concedes only "well pleaded allegations of liability," *Greyhound Exhibitgroup,* 973 F.3d at 158, the Court concludes that default judgment is unwarranted on the current record.

### III. Conclusion

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 445819 (D.Conn.)
(Cite as: --- F.Supp.2d ----)

Case 1:08-cv-04614-JHR-AMD   Document 37   Filed 04/07/09   Page 8 of 8 PageID: 286

Page 8

For the foregoing reasons, the Court concludes that there is insufficient justification for entering default judgment in favor of Plaintiffs, and their Motion for Default Judgment [Doc. # 10] is denied.

IT IS SO ORDERED.

> FN1. The Complaint named "David Brennan" as the Defendant in this matter. On July 27, 2007, the Court granted Plaintiffs' motion to correct the Defendant's name to "Christopher David Brennan" [Doc. # 7].
>
> FN2. In *Lindor,* the court referenced a "sworn affidavit asserting that plaintiffs' actual damages are 70 cents per recording and that plaintiffs seek statutory damages under the Copyright Act that are 1,071 times the actual damages suffered."2006 WL 3335048, at *3. If this profit margin is accurate and consistent across the industry, the same ratio would apply in this case, as Plaintiffs are seeking the minimum statutory damages of $3,750, or $750 per copyrighted work. (Mot. Default J. at 1.)

D.Conn.,2008.
Atlantic Recording Corp. v. Brennan
--- F.Supp.2d ----, 2008 WL 445819 (D.Conn.)

**END OF DOCUMENT**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.