```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY

                            - - -

MASHA ALLEN,                    :  CIVIL ACTION NO. 08-4614
     Plaintiff                  :
                                :
     v.                         :  Camden, New Jersey
                                :  June 24, 2009
FAMILIES THRU INTERNATIONAL     :  10:03 o'clock a.m.
ADOPTION, et al,                :
     Defendant                  :
. . . . . . . . . . . . . . . . :

                    TELEPHONE CONFERENCE
             BEFORE THE HONORABLE ANN MARIE DONIO
                UNITED STATES MAGISTRATE JUDGE

                            - - -


APPEARANCES:

For the Plaintiff:        ROBERT N. HUNN, ESQUIRE
                          Kolsby, Gordon, Robin &
                          Shore, Esquires
                          One Liberty Place
                          2000 Market Street
                          28th Floor
                          Philadelphia, PA  19103

                          STEVEN A. HABER, ESQUIRE
                          Obermayer, Rebmann, Maxwell
                          & Hippel, LLP
                          One Penn Center, 19th Floor
                          1617 John F. Kennedy
                          Boulevard
                          Philadelphia, PA  19103-1895

                          DAVID BILZ, ESQUIRE

For the Defendant         DONALD C. COFSKY, ESQUIRE
FTIA:                     Cofsky & Zeidman, LLC
                          209 N. Haddon Avenue
                          Haddonfield, NJ  08033-2322

For the Defendant         JEANNENE SMITH, Pro Se
Smith:                    312 S. Lincoln Avenue
                          Cherry Hill, NJ  08002

                            - - -
```

APPEARANCES:

For the Defendant         BRAD WEINTRAUB, ESQUIRE
Adagio Health:            Weiner Lesniak
                          629 Parsippany Road
                          P.O. Box 438
                          Parsippany, NJ  07054-0438

                  - - -

Audio Operator:           Susan Bush

Transcribed by:           Paula L. Curran, CET

        (Proceedings recorded by Liberty Court Player digital sound recording; transcript provided by AAERT-certified transcriber.)

Laws Transcription Service
48 W. LaCrosse Avenue
Lansdowne, PA 19050
(610)623-4178

1         (The following occurred in open court at 10:03
2    o'clock a.m.)
3         THE COURT: This conference is being electronically
4    recorded and I would ask that each time you speak, you state
5    your name for the record, so it's clear who's on the phone.
6    This is telephone conference in Case Number 08-4614. May I
7    have the appearances for the record, please?
8         MR. HUNN: Good morning, your Honor, this is Robert
9    Hunn, I'm currently counsel of record.
10        THE COURT: For the plaintiff?
11        MR. HUNN: Yes.
12        THE COURT: All right. Who else is available today?
13        MS SMITH: Jeannene Smith.
14        THE COURT: I'm sorry, Ms. Smith, can you speak up,
15   please?
16        MS SMITH: This is Jeannene Smith, Pro Se.
17        THE COURT: You're representing yourself pro se,
18   right, Ms. Smith?
19        MS SMITH: Yes.
20        THE COURT: Okay.
21        MR. COFSKY: Donald Cofsky, I'm representing
22   Families Thru International Adoption.
23        THE COURT: All right.
24        MR. WEINTRAUB: Good morning, your Honor, Brad
25   Weintraub from Weiner Lesniak. We represent the third-party

1  defendant, Adagio Health.
2          THE COURT: All right.
3          MR. HABER: Your Honor, Steve Haber, limited counsel
4  for plaintiff. Also on the line with me, is personal counsel
5  for the plaintiff, David Bilz.
6          THE COURT: All right, presently before the Court is
7  a motion to withdraw, filed by the plaintiff's counsel, Mr.
8  Hunn, which is actually opposed by the plaintiff. And since
9  that time, the Court has received correspondence from Mr.
10 Haber, who has filed a notice of a special limited
11 appearance, solely with regard to the pending motion of
12 counsel for leave to withdraw. I scheduled oral argument to
13 be held in person today and received a letter from Mr. Haber
14 on the 22nd of June, indicating that by consent of the moving
15 party, Mr. Hunn, there is a request to adjourn today's
16 hearing, which I did grant and converted today's hearing to
17 the telephone conference. In Mr. Haber's letter of June
18 22nd, he reflects or states that a substitute firm has agreed
19 to representation of the plaintiff, which would moot the
20 pending motion to withdraw and asks that the current motion
21 be continued for a period of 30 days. Is that right, Mr.
22 Haber?
23         MR. HABER: That's correct, your Honor.
24         THE COURT: Who is the proposed counsel?
25         MR. BILZ: Your Honor, this is Attorney David Bilz,

5

1   in Atlanta, the proposed counsel is or are two attorneys who,
2   the names are William Pugh Bird, B-I-R-D and Darren,
3   D-A-R-R-E-N, Summerville, which is spelled S-U-M-M-E-R-V-I-L-
4   L-E.  They are partners together in a firm here in Atlanta.
5   The Bird Law Group, PC and they have not been officially
6   retained as of yet, because of scheduling problems and
7   problems with the plaintiffs up in Pennsylvania.  And so --
8           THE COURT:  Well, would it be also New Jersey
9   counsel, by any chance?
10          MR. BILZ:  Yes, your Honor, as part of the
11  reputation, they would be making arrangements for local
12  counsel to assist, is my understanding.
13          THE COURT:  Mr. Haber, are you going to be that
14  local counsel?
15          MR. HABER:  I am not, your Honor.
16          THE COURT:  All right.  Mr. Hunn, do you have an
17  objection with the Court terminating your motion, without
18  prejudice to refile if this issue is not worked out within
19  the next 30 days?
20          MR. HUNN:  No, your Honor, I do not have an
21  objection with the caveat that we maintain some schedule here
22  and 30 days would be fine.
23          THE COURT:  But what I'm planning to do is actually
24  dismiss the motion without prejudice, with the right to
25  refile on letter application and reactivate the motion within

```
 1   30 days.  Is that acceptable?
 2             MR. HUNN:  That's acceptable, your Honor.
 3             THE COURT:  Is there any objection to that approach?
 4             MR. COFSKY:  No, your Honor, Cofsky, none.
 5             MR. WEINTRAUB:  No, your Honor, Brad Weintraub,
 6   none.
 7             THE COURT:  Ms. Smith?
 8             MS SMITH:  No objection, your Honor.
 9             THE COURT:  All right, so, this way, the motion will
10   be terminated and when and if new counsel are retained, the
11   local counsel will submit a substitution of counsel with Mr.
12   Hunn and the Atlanta counsel can make their applications pro
13   hac through their local counsel.
14             MR. HUNN:  Correct.
15             THE COURT:  All right, well, Mr. Haber, that needs
16   to be done within 30 days, otherwise, I'm going to have to
17   hear, well, Mr. Hunn can reactivate the motion and then I'm
18   going to have to have to schedule a hearing.
19             MR. HABER:  Understood, your Honor.
20             THE COURT:  All right, now also, presently before
21   the Court are currently motions, number -- motion Number 16,
22   that's a motion to dismiss by Ms. Smith, right?  And that is
23   before the District Judge.  It's Number 16 on the docket.
24             There's a motion for default judgment by the
25   plaintiff, that's Number 24.  Mr. Hunn, that motion remains?
```

```
 1            MR. HUNN:  Your Honor, that would be the motion with
 2   respect to Ms. Smith and as I mentioned in our prior
 3   conference, I corrected the error with respect to Reaching
 4   Out Thru International Adoption.  That's been corrected.
 5            With respect to Ms. Smith, because she is a party, I
 6   had requested that the Court deny my motion as a simply a
 7   notice of default her response as a motion to open.  If that
 8   makes sense.
 9            MR. WEINTRAUB:  I didn't quite get that, Brad
10   Weintraub.  The motion still pending?
11            MR. HUNN:  I submit the motion is still pending.
12            THE COURT:  You also have a motion to strike the
13   answer by Ms. Smith, is that correct?
14            MR. HUNN:  That's correct, on the grounds that there
15   was pending a motion for default -- a motion to dismiss.
16            THE COURT:  All right.  And those motions are
17   currently pending, it appears.
18            MR. HUNN:  That's correct.
19            THE COURT:  Actually, I'm not -- have you moved for
20   a default or did you correct your motion of default with
21   respect to Reaching Out Thru International Adoption and Child
22   Promises, Inc.?
23            MR. HUNN:  I corrected it, your Honor.
24            THE COURT:  So, it's actually a request, initially,
25   for entry of default?
```

8

1   MR. HUNN: Yes, as to those two, that is entered on
2   the docket.
3   THE COURT: All right.
4   MR. HUNN: With respect to Ms. Smith, now that she's
5   in the case, I'm requesting that my motion be considered, the
6   notice and that issue is whether or not it should be opened.
7   THE COURT: All right. Ms. Smith, do you have any
8   response? Your filed your opposition to the motions?
9   MS SMITH: I'm sorry, could I just interrupt, for
10  just one minute. I didn't understand the last part of what
11  Mr. Hunn just said.
12  THE COURT: Mr. Hunn, do you want to restate -- can
13  you restate that?
14  MR. HUNN: Certainly, your Honor and again, just to
15  clarify, initially plaintiff had filed two motions. One was
16  for default with respect to Reaching Out Thru International
17  Adoptions and the other was for Ms. Smith. Ms. Smith then
18  entered her appearance. I had inadvertently skipped to Step
19  B on the rule. There was Step A, which is simply file notice
20  of default. With respect to Reaching Out Thru International
21  Adoptions and Child Promises, we corrected the initial filing
22  and filed a notice of default. So, they're put aside for a
23  second.
24  The only thing that's pending was my motion with
25  respect to Ms. Smith. Because she has entered her appearance

9

1    in the case, after I filed it, I'm requesting simply that my
2    motion be just considered a notice of default.  And Ms.
3    Smith's filing is basically a motion to open and that then
4    puts it in a posture for the Court to decide.
5              THE COURT:  And you have opposed her motion to
6    dismiss, is that correct?
7              MR. HUNN:  Her motion to dismiss, yes.  Her 12(b)6
8    motion has been opposed, it's Robert Hunn.
9              THE COURT:  All right, is there anything further
10   then from the plaintiff's counsel, at this time, Mr. Hunn?
11             MR. HUNN:  No, your Honor, thank you.
12             THE COURT:  Ms. Smith, anything further?
13             MS SMITH:  No.
14             THE COURT:  Mr. Cofsky?
15             MR. COFSKY:  No, your Honor.
16             THE COURT:  Okay, Mr. Weintraub?
17             MR. WEINTRAUB:  No, your Honor.
18             THE COURT:  Mr. Haber?
19             MR. HABER:  No, your Honor.
20             THE COURT:  Mr. Bilz?
21             MR. BILZ:  No, your Honor.
22             THE COURT:  All right, then I will schedule another
23   conference by telephone, in approximately 30 to 45 days.  By
24   that time, we should have the new counsel and we need to then
25   set forth a schedule, so we can move forward in this matter

```
                                                              10
1    with respect to, at least, the discovery of the parties.
2    Anything else?  All right, hearing nothing further, I'm going
3    to adjourn the conference.  Everyone have a nice day.  We are
4    adjourned.
5             ALL:  Thank you.
6             (Proceeding adjourned 10:13 o'clock a.m.)
7                              * * *
```

<u>CERTIFICATION</u>

     I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

s:/Geraldine C. Laws, CET         Dated 9/16/10
Laws Transcription Service