```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY

                                     - - -

    MASHA ALLEN,                       :  CIVIL ACTION NO. 08-4614
         Plaintiff                     :
                                       :
         v.                            :  Camden, New Jersey
                                       :  July 28, 2009
    FAMILIES THRU INTERNATIONAL        :  12:06 o'clock p.m.
    ADOPTION, et al,                   :
         Defendant                     :
    . . . . . . . . . . . . . . . . . :

                            TELEPHONE CONFERENCE
                    BEFORE THE HONORABLE ANN MARIE DONIO
                       UNITED STATES MAGISTRATE JUDGE

                                     - - -


    APPEARANCES:

    For the Plaintiff:         ROBERT N. HUNN, ESQUIRE
                               Kolsby, Gordon, Robin &
                               Shore, Esquires
                               One Liberty Place
                               2000 Market Street
                               28th Floor
                               Philadelphia, PA  19103

                               STEVEN A. HABER, ESQUIRE
                               Obermayer, Rebmann, Maxwell
                               & Hippel, LLP
                               One Penn Center, 19th Floor
                               1617 John F. Kennedy
                               Boulevard
                               Philadelphia, PA  19103-1895

                               DAVID BILZ, ESQUIRE

                               DARREN SUMMERVILLE, ESQUIRE
                               The Bird Group

    For the Defendant          DONALD C. COFSKY, ESQUIRE
    FTIA:                      Cofsky & Zeidman, LLC
                               209 N. Haddon Avenue
                               Haddonfield, NJ  08033-2322

                                     - - -
```

```
APPEARANCES:

For the Defendant          JEANNENE SMITH, Pro Se
Smith:                     312 S. Lincoln Avenue
                           Cherry Hill, NJ  08002


For the Defendant          BRAD WEINTRAUB, ESQUIRE
Adagio Health:             Weiner Lesniak
                           629 Parsippany Road
                           P.O. Box 438
                           Parsippany, NJ  07054-0438

                           - - -

Audio Operator:            Susan Bush

Transcribed by:            Paula L. Curran, CET

        (Proceedings recorded by Liberty Court Player
digital sound recording; transcript provided by AAERT-
certified transcriber.)
```

Laws Transcription Service
48 W. LaCrosse Avenue
Lansdowne, PA 19050
(610)623-4178

3

1        (The following occurred in open court at 12:06
2   o'clock p.m.)
3        THE COURT:  Good afternoon, this is Judge Donio, we
4   are on the record for a status conference in Case Number 08-
5   4614, Allen versus Families Thru International Adoption, et
6   al.  This conference is being electronically recorded and I
7   would ask that each time you speak, you state your name for
8   the record.  Let's begin with plaintiff's counsel.
9        MR. HUNN:  This is Robert Hunn, counsel for the
10  plaintiff.
11       MS SMITH:  Jeannene Smith, Pro se.
12       MR. COFSKY:  Donald Cofsky, representing Families
13  Thru International Adoption.
14       MR. WEINTRAUB:  Good morning, your Honor, Brad
15  Weintraub from Weiner Lesniak for defendant, Adagio Health.
16       MR. HABER:  Good morning, your Honor, Steve Haber
17  for a limited appearance for the plaintiff and also on the
18  line with me are out-of-state counsel, David Bilz and
19  replacement counsel, Darren Summerville.
20       THE COURT:  All right, well, there's a couple of
21  items the Court wishes to address today.  Let's begin with
22  the issue about plaintiff's counsel.  Mr. Hunn, will be
23  substituted as counsel?
24       MR. HUNN:  Well, your Honor, I understand that I
25  will be substituted.  That the attorney from Georgia will be

4

1  substituting as plaintiff's counsel, pending their
2  identifying the local counsel, at this moment.
3              THE COURT:  And that's Mr. Summerville?
4              MR. SUMMERVILLE:  Yes, your Honor, that's right.  We
5  fully intend to engage in the case and have worked at doing
6  so and we're currently in the process of locating local
7  counsel to sign off on our pro hac application.
8              THE COURT:  Can you just spell your name for the
9  record, please?  Could you spell your name for the record,
10 please?
11             MR. SUMMERVILLE:  Oh, I'm sorry, I lost you.  My
12 first name is Darren, D-A-R-R-E-N.  My last name is
13 Summerville, S-U-M-M-E-R-V-I-L-L-E.  And my firm is called
14 the Bird Law Group, B-I-R-D Law Group.
15             THE COURT:  I'm hearing typing in the background.
16 Is that someone's computer?  Just because it's -- I'm sorry,
17 could someone advise because the typing is occurring, I'm
18 having a hard time hearing.
19             MS SMITH:  We have stopped.
20             THE COURT:  Who is speaking?  I'm sorry, could
21 someone identify the person who just spoke?
22             MS SMITH:  I'm sorry, that's Jeannene Smith.
23             THE COURT:  Ms. Smith, are you typing as you're
24 hearing the conference?
25             MS SMITH:  I was typing, so, I'll make sure that

```
 1  doesn't happen.
 2          THE COURT:  You can type, just if maybe you could
 3  keep the phone not too close to your computer.
 4          MS SMITH:  Okay.
 5          THE COURT:  Thank you.  All right, Mr. Summerville,
 6  can you spell your name again?  I didn't catch the name.
 7          MR. SUMMERVILLE:  That's Darren, D-A-R-R-E-N and the
 8  last name is Summerville, S-U-M-M-E-R-V-I-L-L-E.
 9          THE COURT:  All right.  And how much longer do you
10  anticipate this issue taking in order to have the
11  substitution filed?
12          MR. SUMMERVILLE:  I can advise the Court that I am,
13  I worked on it several hours yesterday, in terms of trying to
14  find individuals that either my partner or I were familiar
15  with in Philadelphia or the New Jersey area.  I currently
16  have phone calls pending to, at least, four firms and we have
17  an agreement with one firm as to their ability and
18  willingness to serve as local counsel.  We are just trying to
19  negotiate the terms.
20          THE COURT:  All right, do you anticipate then that,
21  perhaps, within 30 days, we'll have this substitution issue
22  complete?
23          MR. SUMMERVILLE:  Oh, I would certainly hope it
24  would be much less than that.
25          THE COURT:  All right and Mr. Hunn, then that would
```

1  end your appearances in this case?
2          MR. HUNN:  Yes, your Honor.
3          THE COURT:  Mr. Haber, would that end your
4  appearances in this case?
5          MR. HABER:  Yes, your Honor.
6          THE COURT:  All right, so, we will have to reconvene
7  in 30 days.  Let me just see, before I address anything else,
8  if there's any other statements or comments the parties wish
9  to make with respect to the issue of substitution?
10         MR. COFSKY:  None on behalf of FTIA.
11         THE COURT:  Mr. Cofsky, is that you?  Just state
12 your name when you speak.
13         MR. COFSKY:  Yes, Donald Cofsky, none for FTIA.
14         MS SMITH:  Jeannene Smith, none from here either.
15         MR. WEINTRAUB:  Brad Weintraub, your Honor, none.
16         MR. HABER:  Robert Hunn, none.
17         THE COURT:  All right.  That leads me now to Ms.
18 Smith -- Ms. Smith, you sent the Court a letter dated -- I
19 don't think it has a date on it.  I received it on July 23,
20 2009.  In your letter, oh, here, it has a date, Wednesday,
21 July 15th on the second page.  Has everyone received a copy
22 of that letter?
23         MS SMITH:  Well, I --
24         THE COURT:  Well, before we get to the substance,
25 let me just ask if everyone's received a copy?

7

1  MR. HUNN: This is Robert Hunn, I did receive a copy
2  and I responded through the ECF system, your Honor.
3  THE COURT: I do have a copy of your response, Mr.
4  Hunn, that's dated July 24, 2009.
5  MR. SUMMERVILLE: Yes, Judge, this is Darren
6  Summerville, I did not receive a copy of the letter, because
7  I was not involved in the correspondence chain. But I do
8  have a copy of Mr. Hunn's file and I'm aware of the issue.
9  THE COURT: All right.
10  MR. COFSKY: It's Cofsky, I did get the letter and
11  the response.
12  MR. WEINTRAUB: Brad Weintraub, your Honor, we -- my
13  firm got both letters.
14  THE COURT: All right, now, Ms. Smith attached to
15  her letter a number of enclosures, but her cover letter
16  indicates that the parties' counsel are CC'd without
17  enclosure. Now, Ms. Smith, any time you send something to
18  the Court, with enclosures, you have to copy all the other
19  parties, unless there's been prior approval or an in camera
20  type submission.
21  MS SMITH: Oh, okay, I understood they had already
22  been served to everyone when the original motion was filed.
23  THE COURT: All right, but let's just state on the
24  record then what it is that are the enclosures and then the
25  parties, if they wish, they can request Ms. Smith to send

1   each party a copy of the enclosures.  The enclosure first is
2   a separation agreement and release.
3            The second enclosure is a copy of a letter dated
4   December 2, 1998 from the State of New Jersey to a Keith A.
5   Wallace and it has attachments.  It's from the State of New
6   Jersey Department of Human Services and specifically, the
7   letter is signed by Gary and I'll spell the last name, S-E-S-
8   C-H-I-K.  The third attachment is a one-page acknowledgement
9   and agreement with some handwritten text on the right-hand
10  corner.  It's on letterhead Reaching Out Thru International
11  Adoption, Inc.
12           And the third document as stated is entitled
13  Children of China, it's a letter, October 3, 1996 from Ms.
14  Wallace to Ms. Linn, with an attachment of a proposed
15  agreement.
16           The next exhibit is Ms. Smith's affidavit in support
17  of her motion to dismiss, which is dated 2/2/09.  And the
18  next attachment is Ms. Smith's affidavit in support of her
19  motion to dismiss -- is there two copies of that, Ms. Smith,
20  that you sent the Court?
21           MS SMITH:  Yes.
22           THE COURT:  The same?
23           MS SMITH:  Well, I sent back because there came to
24  be some confusion in ruling on their first motion for 12(b)6.
25           THE COURT:  All right, well, let me just first,

```
 1   before we get to the substance, have all the parties seen
 2   these attachments?
 3           MR. COFSKY:  Without, this is Cofsky, without going
 4   back through the file and trying to match them up, I can't
 5   say whether I have seen them or not.
 6           THE COURT:  All right, Ms. Smith, to the extent
 7   these attachments haven't been placed on the docket or are a
 8   part of your motion, you need to send copies to all the other
 9   papers, whenever you send them with these to the Court.
10           MS SMITH:  Okay.
11           THE COURT:  So, I'm going to direct you to send
12   copies of the attachments to all the parties.
13           MS SMITH:  They were originally admitted to all
14   parties, the motions were filed and file stamped by the
15   Court.
16           THE COURT:  All right, but when you send any letter
17   to the Court, with attachments, you need to send a complete
18   set of what you're sending to the Court, to the other
19   parties.
20           MS SMITH:  Okay.
21           THE COURT:  In addition, your request is for
22   clarification.  That order was entered by the District Judge.
23   To the extent you're requesting a clarification of the
24   Court's order, you should file a formal motion and direct it
25   to the District Judge.  The District Judge resolves your
```

10

1  motions by order and any requests with respect to that needs
2  to be directed to the District Judge, not to me.  All right?
3           MS SMITH:  Yes.
4           THE COURT:  So, I'm not going to take any action on
5  it, other than to advise the parties what I have received and
6  to direct that Ms. Smith, that if she believes there's a
7  basis for a formal motion for clarification, she can file her
8  motion with the District Judge.
9           MS SMITH:  Okay.
10          THE COURT:  We will reconvene with another telephone
11 conference in 30 days.  By that time, there should be the
12 substitution issue resolved.  Then we can then set a schedule
13 to complete the discovery in this matter.  The date and time
14 for the next phone conference will be placed in my scheduling
15 order.  Is there anything further we need to address today?
16          MR. COFSKY:  This is Cofsky, no, but I'd appreciate
17 contact information for Mr. Summerville.  I don't have it.
18          MR. SUMMERVILLE:  I can send an e-mail out to
19 everyone today.
20          MR. COFSKY:  Would you, please.
21          THE COURT:  Anything else, Mr. Hunn?
22          MS SMITH:  Judge, I'm getting --
23          THE COURT:  Just state your name before you speak,
24 please.
25          MS SMITH:  Jeannene Smith.  I just wanted to clarify

```
 1   that the Court -- that's why I sent this copy.  It appeared
 2   that maybe they did not have heard of that second motion.
 3   And as Mr. Hunn response indicated that the Court jacket also
 4   did not have that motion, I just want to clarify that yes,
 5   you do, indeed, have that motion for dismiss for lack of
 6   personal jurisdiction.
 7              THE COURT:  Did you submit the motion to the Clerk's
 8   Office?
 9              MS SMITH:  Yes.
10              THE COURT:  Well, then you should check with the
11   Clerk's Office as to whether that motion has been docketed
12   and what's on the docket.
13              MS SMITH:  I did, at one point, went and checked it
14   personally.  And like I said, it is -- it is stamped by the
15   clerk and that's why I sent a copy of it, but there seems to
16   be some misunderstanding somewhere.
17              THE COURT:  Do you know what docket number it is on
18   the docket?
19              MS SMITH:  I'm not sure of that off the top of my
20   head.
21              THE COURT:  All right, so, you should check the
22   docket to see whether it's been docketed on the docket.  If
23   you have any further questions on whether you filed a
24   separate motion or whether it was just an affidavit and
25   whenever you wish to have clarification of the Court's order,
```

12

1  you should send your request by formal motion to the District
2  Judge.
3          MS SMITH: Okay.
4          THE COURT: All right, is there anything further?
5          MR. HUNN: This is Robert Hunn. No, your Honor and
6  thank you for your time this morning -- this afternoon.
7          MR. HABER: Your Honor, this is Steve Haber, this is
8  likely my last conference call with you pending the --
9          MR. COFSKY: And Donald Cofsky here. Nothing
10 further, I am looking for the pleadings, though. It may have
11 been that what Ms. Smith considered to a motion was entitled
12 an affidavit in support of motion. But the question may well
13 be whether a motion was actually filed.
14         THE COURT: All right, what docket number are you
15 looking at, Mr. Cofsky?
16         MR. COFSKY: Well, I'm looking in my hard copies of
17 what's in my file. It is simply something that's entitled,
18 Jeannene Smith, Affidavit in Support of her Motion to Dismiss
19 for Lack of Personal Jurisdiction.
20         MR. SUMMERVILLE: Your Honor, there are attachments,
21 and it's Docket Number 16. This is Darren Summerville. It
22 is, in fact, a -- there is the main document of 50 pages and
23 a 23-page affidavit that's attached.
24         THE COURT: And it's Number 16 on the docket?
25         MR. SUMMERVILLE: That's correct, your Honor.

1    THE COURT:  Ms. Smith, Mr. Summerville says to look
2  at Docket Number 16 on the docket.
3    MS SMITH:  Okay.
4    THE COURT:  And did you file a separate motion to
5  dismiss for lack of jurisdiction as a motion or did you file
6  one motion to dismiss and several grounds?
7    MS SMITH:  I filed a motion to dismiss for lack of
8  personal jurisdiction.  Another motion to dismiss under Rule
9  12(b)6 and an affidavit supporting the motion to dismiss for
10 lack of personal jurisdiction.  So, there were two actual
11 motions submitted and an affidavit.  Plus the supporting
12 documents to each motion.
13   MR. HUNN:  This is Robert Hunn and as pointed out in
14 my letter, the docket only reflects one motion and reflects
15 that the affidavit for lack of personal jurisdiction was
16 filed as an attachment to the B(b) motion.  That's what the
17 docket reflects.
18   MS SMITH:  That's what I picked up.  I thought that
19 was a mistake.  The affidavit was supposed to have been
20 attached to a motion for lack of personal jurisdiction.  When
21 it came into the court or when it was stamped, somehow, I
22 think that that mistakenly got attached to the other motion
23 and that was what prompted me to write the letter to the
24 Court, to make sure that that's all clarified.
25   MR. HUNN:  And your Honor, this is Robert Hunn,

14

1  again and I'll just point this out, that an answer has been
2  filed.  So, in fairness to the plaintiff, whatever issue was
3  raised is now mooted by the answer by Ms. Smith.
4              THE COURT:  Well, as I indicated, I'm not going to
5  address them today, in a phone conference, the merits of any
6  of the arguments on the motion to dismiss.
7              MS SMITH:  A formal motion that's important.
8              THE COURT:  All right.  So, file your formal motion
9  and then you can advise the Court as to your issue with
10 respect to what you think may have occurred and the Court can
11 take a look at that issue, as well as your request.
12             MS SMITH:  Okay.
13             THE COURT:  And any response by any parties.  Okay,
14 and so is there anything further we need to address today?
15             MR. HUNN:  Nothing from Robert Hunn.
16             MS SMITH:  Nothing from Jeannene Smith.
17             MR. COFSKY:  Cofsky, nothing, nothing further.
18             MR. WEINTRAUB:  Brian Weintraub, your Honor,
19 nothing.
20             MR. SUMMERVILLE:  Same for Darren Summerville.
21             THE COURT:  All right, everyone have a nice day.  We
22 are adjourned, thank you.
23             ALL:  Thank you, Judge.
24             (Proceeding adjourned 12:22 o'clock p.m.)
25                              * * *

<u>CERTIFICATION</u>

    I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

s:/Geraldine C. Laws, CET                  Dated 9/16/10
Laws Transcription Service