```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                              - - -

MASHA ALLEN,                     :  CIVIL ACTION NO. 08-4614
      Plaintiff                  :
                                 :
      v.                         :  Camden, New Jersey
                                 :  September 30, 2009
FAMILIES THRU INTERNATIONAL      :  9:39 o'clock a.m.
ADOPTION, et al,                 :
      Defendant                  :
. . . . . . . . . . . . . . . . :

                      TELEPHONE CONFERENCE
               BEFORE THE HONORABLE ANN MARIE DONIO
                  UNITED STATES MAGISTRATE JUDGE

                              - - -


APPEARANCES:

For the Plaintiff:         ROBERT N. HUNN, ESQUIRE
                           Kolsby, Gordon, Robin &
                           Shore, Esquires
                           One Liberty Place
                           2000 Market Street
                           28th Floor
                           Philadelphia, PA  19103

                           FRANK MANERI, ESQUIRE
                           THOMAS VECCHIO, ESQUIRE
                           Dilworth Paxson, LLP
                           LibertyView
                           457 Haddonfield Road
                           Suite 700
                           Cherry Hill, NJ  08002

                           DARREN SUMMERVILLE, ESQUIRE
                           The Bird Law Group
                           2170 Defoor Hills Road
                           Atlanta, GA  30318

For the Defendant          DONALD C. COFSKY, ESQUIRE
FTIA:                      Cofsky & Zeidman, LLC
                           209 N. Haddon Avenue
                           Haddonfield, NJ  08033-2322

                              - - -
```

2

APPEARANCES:

| | |
|---|---|
| For the Defendant Smith: | JEANNENE SMITH, Pro Se<br>312 S. Lincoln Avenue<br>Cherry Hill, NJ  08002 |
| For the Defendant Adagio Health: | BRAD WEINTRAUB, ESQUIRE<br>Weiner Lesniak<br>629 Parsippany Road<br>P.O. Box 438<br>Parsippany, NJ  07054-0438 |

- - -

Audio Operator:      Susan Bush

Transcribed by:      Paula L. Curran, CET

     (Proceedings recorded by Liberty Court Player digital sound recording; transcript provided by AAERT-certified transcriber.)

3

1          (The following occurred in open court at 9:39
2  o'clock a.m.)
3          THE COURT:  Good morning, this is Judge Donio.  We
4  are on the record, a telephone record on Case Number 08-4614.
5  May I have the appearances for the record, please?
6          MR. HUNN:  Good morning, your Honor, Robert Hunn.
7          MR. SUMMERVILLE:  Good morning, your Honor, this is
8  Darren Summerville, on behalf of the plaintiff, pending a pro
9  hac application.
10          MR. MANERI:  Good morning, your Honor, Frank Maneri,
11  of Dilworth Paxson, on behalf of the plaintiffs.
12          MR. VECCHIO:  Good morning, your Honor.  Tom Vecchio
13  of Dilworth Paxson on behalf of the plaintiff.
14          THE COURT:  I'm sorry, Mr. Vecchio?
15          MR. VECCHIO:  Yes.
16          MR. COFSKY:  Donald Cofsky, representing Families
17  Thru International Adoption.
18          MR. WEINTRAUB:  Good morning, your Honor, Brad
19  Weintraub from Weiner Lesniak, for the third party defendant,
20  Adagio Health.
21          THE COURT:  And as I understand from the parties,
22  there is no appearance, at this time, for the pro se
23  defendant, Ms. Smith.
24          MR. HUNN:  Your Honor, we have been trying to call
25  her.  We had a couple of numbers, actually.  My secretary may

```
 1  have just gotten through to her right now.  So, she may be
 2  calling in.
 3          THE COURT:  Again, let me put you on hold for a
 4  second.  Is this an AT&T or other service number that someone
 5  calls in to be connected?
 6          MR. HUNN:  Yes, your Honor.
 7          THE COURT:  All right, let me put you on hold for a
 8  few moments and then we'll check back, okay.
 9          (Pause.)
10          THE COURT:  All right, we're back on the electronic
11  record.  This conference is being electronically recorded and
12  I would ask that each time you speak, you state your name for
13  the record.
14          This is a telephone conference in Case Number
15  08-4614.  We began by noting the appearances and apparently,
16  Ms. Smith was on the phone and is now on the phone.  So,
17  let's place the appearances again, for the record, beginning
18  with plaintiff's counsel.
19          MR. HUNN:  Yes, your Honor, it's Robert Hunn for the
20  plaintiff.
21          MR. SUMMERVILLE:  Also for the plaintiffs, Darren
22  Summerville.
23          MR. MANERI:  Also for the plaintiffs, Frank Maneri
24  of Dilworth Paxson.
25          MR. VECCHIO:  Also for the plaintiffs, Tom Vecchio
```

5

1  of Dilworth Paxson.
2          MR. COFSKY:  Donald Cofsky for Families Thru
3  International Adoption.
4          MR. WEINTRAUB:  Brad Weintraub, your Honor, for the
5  third party defendants, Adagio Health.
6          MS SMITH:  Jeannene Smith, pro se.
7          THE COURT:  Okay.  That's everyone, at this point.
8  Let me address the first issue I want to address with counsel
9  and Ms. Smith and that's the notice of the motion for the pro
10 hac admission of Mr. Bird and Mr. Summerville.  I understand
11 that there's been consent of all parties, other than Ms.
12 Smith.  Ms. Smith, I'm not sure if you've consented or
13 whether you oppose the motion.
14         MS SMITH:  It's accepted, I should say.
15         THE COURT:  It's accepted.  All right, the
16 applications of the pro hac attorneys are in order.  I just
17 need a certification from one of the local counsel.  Is that
18 going to be Mr. Maneri or Mr. Vecchio?
19         MR. MANERI:  Yes, your Honor.
20         THE COURT:  All right, can you provide a
21 certification to the Court that they will be serving as the
22 local counsel in this case and then we will be able to enter
23 the order granting the motion.
24         MR. MANERI:  Certainly.
25         THE COURT:  Mr. Hunn, are you remaining in the case?

```
 1            MR. HUNN:  I am not, your Honor.  My motion to
 2   withdraw, as you recall, was withdrawn pending the filing of
 3   this motion.  Now, with it being filed and granted, would the
 4   Court like me to file anything in addition to note my removal
 5   from the case?
 6            THE COURT:  Well, I haven't granted the motion for
 7   pro hac, because the order has to be entered.  But assuming
 8   that the certification from Dilworth counsel is appropriate
 9   and the other certifications are appropriate and consistent
10   with the local rules, you will need to indicate a withdrawal
11   of your appearance on the record, in some fashion and you can
12   check the local rules on how to do that, okay?
13            MR. HUNN:  That's fine, your Honor.
14            THE COURT:  All right, now, the issue of the
15   plaintiff's counsel representation has been sorted out and
16   resolved, let's move forward then with where we are in the
17   case concerning discovery of this matter.  Who would like to
18   address that on behalf of plaintiffs?
19            MR. SUMMERVILLE:  Your Honor, this is Darren
20   Summerville of the Bird Law Group.  As you know, we have
21   consulted with the Dilworth firm and have a litigation plan
22   sort of set out.  And as soon as the pro hac order is finally
23   entered, we, of course, will reach out to the remainder of
24   counsel, under the local rules, to go ahead with these
25   initial consultations on the disclosures.
```

```
 1              THE COURT:  Have Rule 26 disclosures been done in
 2   the case, at all?
 3              MR. SUMMERVILLE:  They have not.
 4              THE COURT:  How about from the defense, Mr. Cofsky?
 5              MR. COFSKY:  I have a packet here.  I have not known
 6   who to send it to.
 7              THE COURT:  All right, so, you're ready to send
 8   yours out, because the --
 9              MR. COFSKY:  Yes.
10              THE COURT:  -- previous scheduling order I had some
11   time ago, was for Rule 26 disclosures to be done on or before
12   6/15 and then the issue came to, I guess, with this counsel
13   issue.
14              MR. WEINTRAUB:  Your Honor, Brad Weintraub from
15   Weiner Lesniak, for Adagio, we served initial disclosures on
16   all counsel back in June, I believe.
17              THE COURT:  So, you've done yours.
18              MR. WEINTRAUB:  Yes, I sent it to Mr. Hunn and
19   everyone else.
20              MR. HUNN:  This is Robert Hunn, I sent those
21   disclosures to everyone on behalf of the plaintiff.
22              THE COURT:  All right, how about Ms. Smith, have you
23   done your Rule 26 disclosures?
24              MS SMITH:  I am not sure.
25              THE COURT:  All right, here's what I'm going to do.
```

8

1  Everybody go back and review their files.  To the extent you
2  haven't done your Rule 26 disclosures, let's get them done by
3  October 2nd.  All right.
4         Now, has any written discovery been served by any
5  parties?
6         MR. COFSKY:  Cofsky, I'm not aware of any.
7         MR. HUNN:  No, your Honor, this is Robert Hunn.
8         THE COURT:  All right and I take it then, no
9  depositions have been conducted to date?
10        MR. HUNN:  That's correct, your Honor, Robert Hunn.
11        THE COURT:  Okay.  What we will do then, is set out
12 a schedule.  Let's have you begin your written discovery
13 requests and responses and begin discussing when and how many
14 depositions you're going to be taking.  It seemed to me that,
15 in light of the fact that tomorrow is October 1st, we should
16 be able to get the fact discovery done by the end of
17 February.  Is that date acceptable to all parties?
18        MR. SUMMERVILLE:  I believe that's attainable, your
19 Honor.  This is Darren Summerville.
20        MS SMITH:  Your Honor, I'm at a disadvantage.
21 Unfortunately, I am not with Reaching Out.  I have left prior
22 to this case beginning and they have all the corporate
23 documents and files that came from our case.  So, you know, I
24 may need to tell them -- to testify, your Honor.  Reaching
25 Out and Child Promise has chosen not to answer or respond in

```
 1   this case and therefore, I am placed in this disadvantage and
 2   I (inaudible).
 3           THE COURT:  Well, if there's any application you
 4   believe is warranted under the Federal Rules of Civil
 5   Procedure, you can make that application and you can review
 6   the Federal Rules of Civil Procedure with respect to the
 7   service of discovery, including third party discovery.  I am
 8   going to set a date of February 26, 2010 for the completion
 9   of fact discovery.  If anybody has an issue with reaching
10   that date, they'll need to make an application to the Court
11   prior to the expiration of that date, setting forth what
12   efforts have been done to date, to complete discovery and why
13   any additional time may be necessary.
14           Let me direct this, first, to the plaintiff's
15   counsel.  Are there any amendments to the pleadings
16   contemplated or any request to add additional parties?
17           MR. SUMMERVILLE:  This is Darren Summerville, in
18   terms of adding new parties, we do not -- we are not aware of
19   parties we wish to add, at this time.  There is some question
20   as to the third party defendant, Adagio Health, which
21   hopefully, has not brought directed claims against that
22   defendant yet and are still considering the discovery.
23           THE COURT:  All right, now, this is directed to each
24   defendant and/or third party defendant, do any of the
25   defendants or third party defendant anticipate adding new
```

```
                                                                10
 1   parties or amending the pleadings?
 2             MR. COFSKY:  Don Cofsky, I have none, at this time.
 3             MS SMITH:  Ms. Smith?
 4             MR. WEINTRAUB:  Your Honor, we have not contemplated
 5   that.
 6             THE COURT:  Could you just state your name when you
 7   speak, please?
 8             MR. WEINTRAUB:  Yeah, Brad Weintraub.
 9             THE COURT:  Okay and now, Ms. Smith?
10             MS SMITH:  I have not, not that I'm aware of.
11             THE COURT:  All right, any motions to amend or to
12   add new parties, may be filed sooner, but no later than
13   December 31st.
14             Now, is the plaintiff anticipating utilizing expert
15   reports?
16             MR. SUMMERVILLE:  We will, Darren Summerville, we
17   will, your Honor.
18             THE COURT:  And what type of experts?
19             MR. SUMMERVILLE:  As we see the case, right now, it
20   is a matter of what standards were involved with the
21   international adoption back at the time of Masha Allen's
22   adoption, in terms of what pre and post-placement studies and
23   observations should have been done.
24             THE COURT:  All right, so, on liability?
25             MR. SUMMERVILLE:  That's correct.
```

11

```
 1              THE COURT:  Any damage experts?
 2              MR. SUMMERVILLE:  We do not now if it will be an
 3   actual expert in the sense of a hired expert versus one of
 4   Masha Allen or several of Masha Allen's treating
 5   psychiatrists' position.
 6              THE COURT:  And I will put a date, at this time, for
 7   the service of any expert reports, affirmative expert
 8   reports, no later than February, I'm sorry, March 31, 2010.
 9   Any rebuttal, April 30, 2010 and expert deps to be completed
10   by May 31, 2010.  Are those dates acceptable to the parties?
11              MR. COFSKY:  Initially, yes, your Honor.  This is
12   Cofsky.  Depending on the expert reports, if I receive them
13   by the 3st of March, whether that 30 days would be an
14   adequate time for my expert or experts to review and respond.
15   But for now, that will be fine.  If there's an issue, we'll
16   contact the Court.
17              THE COURT:  All right, does anyone object to that
18   schedule?
19              MR. WEINTRAUB:  Your Honor, Brad Weintraub, I agree
20   with Mr. Cofsky.  I don't necessarily object to it.  I may
21   need more time, as well, 30 days might not be enough in a
22   case like this, but we could address that down the road.
23              MR. SUMMERVILLE:  On behalf of the plaintiff, Darren
24   Summerville, those dates are acceptable to us, your Honor.
25              THE COURT:  Ms. Smith?
```

```
 1            MS SMITH:  They're acceptable, as far as I know,
 2   yes.
 3            THE COURT:  All right.  Any further dispositive
 4   motions, they can be filed sooner, but no later than June 30,
 5   2010 and we will pre-try this case in the month of July and
 6   early August.  The dates for the pre-trial submissions will
 7   be set forth in my written order.
 8            Now, this is again directed to plaintiff's counsel,
 9   have you provided medical authorizations for the treating
10   doctors' medical records?
11            MR. SUMMERVILLE:  I do not believe that's been done,
12   your Honor.
13            THE COURT:  Are we having any issue in that regard
14   or did the parties anticipate working that issue out?
15            MR. SUMMERVILLE:  I suspect we can reach some
16   agreement, certainly.
17            THE COURT:  All right, are there any other issues on
18   discovery, at this time?
19            MR. SUMMERVILLE:  Darren Summerville, for the
20   plaintiff, none that I'm aware of.
21            MR. COFSKY:  Cofsky, here.  None, your Honor, but
22   one question which might expedite matters pursuant to Ms.
23   Smith's concern about inability to get files.  I know in New
24   Jersey, when an agency goes out of business, the files are
25   required to be taken over and stored by another agency.  She
```

13

1  may who that agency is.  That would help us in getting those
2  files.
3           MS SMITH:  Unfortunately, they were never able to
4  locate an agency and they have -- they sent them to public
5  storage somewhere.
6           THE COURT:  All right, Mr. Cofsky.
7           MS SMITH:  We tried sending them to the State of New
8  Jersey and the State of New Jersey rejected them and sent
9  them back.
10          THE COURT:  Anything further, Mr. Cofsky?
11          MR. COFSKY:  No, that's it, your Honor.
12          THE COURT:  All right, now, before we finish this
13 scheduling conference, I want to address with the parties,
14 whether there's any issue or has there been any discussion
15 about electronic discovery, e-mails and the discovery of
16 digital information?  What's the plaintiff's position?
17          MR. SUMMERVILLE:  Your Honor, I am unaware of
18 whether or not those discussions took place as part of the
19 initial collaboration on the case.  But we would be prepared
20 to do that in the very near term, if they have not been done.
21          THE COURT:  How about defense counsel?
22          MR. COFSKY:  There's been no, that's not been
23 addressed, at all, your Honor.
24          THE COURT:  All right. Now, what I'm going to
25 request that the parties meet and confer pursuant to our

14

1   local rules and that the plaintiffs send me a letter by
2   October 16th that that meet and confer has been done and
3   address whether and if so, what are any electronic discovery
4   issues.  Okay?
5           MR. SUMMERVILLE:  Of course.
6           THE COURT:  Now, the stay of discovery is lifted and
7   the new scheduling order will be set forth and will be placed
8   on the docket.  And the remaining item for the Court will be
9   to schedule a status telephone conference, to see where the
10  parties are in this discovery phase, on how they are
11  proceeding.  And we will have that status conference on a
12  date and time that will be set in my order for a date in
13  early January.  If there's any need to have a conference
14  earlier than that, the parties may submit a letter request
15  for a telephone conference.  And to the extent there are any
16  discovery disputes, the Court will remind counsel and the pro
17  se defendant, to take a close look at Local Rule 37.  And the
18  obligations to meet and confer and attempt to resolve any
19  discovery disputes prior to application to the Court.  And
20  then the requirement that they have a conference call with
21  the Magistrate Judge before a motion on discovery issues.
22          All right, is there anything further we need to
23  address today, from the plaintiff's counsel?
24          MR. SUMMERVILLE:  No, your Honor, I don't think
25  there is.  This is Darren Summerville.

```
                                                                   15
 1              THE COURT:  All right and from each defendant, if
 2   they could state their name and indicate whether there is
 3   anything further?
 4              MR. COFSKY:  Cofsky, here, no, your Honor.
 5              MR. WEINTRAUB:  Brad Weintraub, your Honor, nothing.
 6              MS SMITH:  Jeannene Smith, nothing.
 7              THE COURT:  All right.  Counsel and Ms. Smith, this
 8   order, scheduling order will be placed on the docket.  I will
 9   request that plaintiff set up the next call and having
10   nothing further to address, you all have a nice day, we are
11   adjourned.
12              (Proceeding adjourned 9:57 o'clock a.m.)
13                              * * *
```

<u>CERTIFICATION</u>

I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

s:/Geraldine C. Laws, CET          Dated 9/16/10
Laws Transcription Service