IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

- - -

| | | |
|---|---|---|
| MASHA ALLEN, | : | CIVIL ACTION NO. 08-4614 |
|     Plaintiff | : | |
| | : | |
| v. | : | Camden, New Jersey |
| | : | March 3, 2009 |
| FAMILIES THRU INTERNATIONAL | : | 10:34 o'clock a.m. |
| ADOPTION, et al, | : | |
|     Defendant | : | |

. . . . . . . . . . . . . . . :

TELEPHONE CONFERENCE
BEFORE THE HONORABLE ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

- - -

APPEARANCES:

For the Plaintiff:      ROBERT N. HUNN, ESQUIRE
                        Kolsby, Gordon, Robin &
                        Shore, Esquires
                        One Liberty Place
                        2000 Market Street
                        28th Floor
                        Philadelphia, PA  19103

For the Defendant       DONALD C. COFSKY, ESQUIRE
FTIA:                   Cofsky & Zeidman, LLC
                        209 N. Haddon Avenue
                        Haddonfield, NJ  08033-2322

For the Defendant       JEANNENE SMITH, Pro Se
Smith:                  312 S. Lincoln Avenue
                        Cherry Hill, NJ  08002

Audio Operator:         Susan Bush

Transcribed by:         Paula L. Curran, CET

    (Proceedings recorded by Liberty Court Player
digital sound recording; transcript provided by AAERT-
certified transcriber.)

Laws Transcription Service
48 W. LaCrosse Avenue
Lansdowne, PA 19050
(610)623-4178

1        (The following occurred in open court at 10:34

2    o'clock a.m.)

3        THE COURT:  All right, we're on the record.  This is

4    a phone conference and the parties are appearing by

5    telephone.  This is the Judge in Case Number 08-4614 and I

6    would ask that you state your name each time you speak,

7    because this conference is being electronically recorded.

8    This is Judge Donio.  Let's begin with the plaintiff's

9    counsel?

10       MR. HUNN:  Yes, good morning, Judge, this is Robert

11   Hunn for the plaintiff.

12       THE COURT:  All right.  And for the defendants

13   please?

14       MR. COFSKY:  This is Donald Cofsky, C-O-F-S-K-Y,

15   representing Families Thru International Adoption.

16       MS. SMITH:  This is Jeannene Smith, representing

17   myself.

18       THE COURT:  All right.  Mr. Hunn, is that all the

19   defendants?

20       MR. HUNN:  Your Honor, there were two other

21   defendants named.  We have pending a default judgment, it's

22   Reaching Out Thru International Adoption and it's successor

23   company called Child Promises.  Now, there's also a default

24   judgement motion pending against Ms. Smith, but that's a

25   whole other issue.

1        THE COURT:  All right, well, let's talk about that.

2   Ms. Smith, as of --

3        MR. COFSKY:  Your Honor, there's a third party

4   defendant that we had named, Adagio, A-D-A-G-I-O, Inc.  We

5   served them by certified mail and so forth a number of weeks

6   ago.  I have not had any contact or response from them to

7   date, although, I did get the green card back.

8        THE COURT:  Okay.  So, they haven't answered?

9        MR. COFSKY:  They have not answered nor have the

10  contacted me, at all and they're a big outfit.  I mean,

11  they're certainly in business in the Pittsburgh area.

12       THE COURT:  Okay, let's begin by seeing then, where

13  we are with respect to Ms. Smith.  She has submitted an

14  answer, right?

15       MS. SMITH:  Yes.

16       THE COURT:  So, Mr. Hunn, where are you on the issue

17  of default?

18       MR. HUNN:  Well, your Honor, just briefly, this

19  action was started in September.  Because the fact pattern is

20  such that it goes back to the 1997-1998 era, we gave

21  defendant some time to sort out their insurance issues.  By

22  January, it became clear that there is no insurance to cover

23  Reaching Out to International Adoption, Child Promises and

24  Ms. Smith.  So, we filed a motion for a default judgment.  It

25  was after that motion was filed that Ms. Smith then filed a

1  12(b)6 motion and then just last Thursday, filed an answer.

2  We'll be filing a motion to strike the answer as being out of

3  time, because Ms. Smith was and did enter into an agreement

4  to extend the time frames from the Complaint and under that

5  agreement, that expired at the end of November.  So, we

6  believe we're filing their out of time and that the default

7  judgment motion is appropriate and should still be entered.

8            THE COURT:  Did you have an entry of default?

9            MR. HUNN:  No, just the motion pending, at this

10  point.

11            THE COURT:  So, no default has been entered?

12            MR. HUNN:  No.

13            MS. SMITH:  Your Honor, I'd like to respond, if I

14  can?

15            THE COURT:  Yes.

16            MS. SMITH:  This is Jeannene Smith.  I had contacted

17  with an attorney, Sam Tutorro (ph), who was working with Mr.

18  Hunn, all the way up until the very day before he filed his

19  default judgment or a motion for a default judgment.  The day

20  before, Mr. Tutorro had notified Mr. Hunn that we were still

21  waiting on an answer from the insurance company and the

22  insurance company had stated that it would be given within

23  ten days.  The very next day, Mr. Hunn filed the motion for

24  default judgment.  And to complicate the problem is the fact

25  that my basis of being in this case was supposedly during my

1    employment at Reaching Out or FTIA.  Those companies since

2    went out of business.  So, it was very difficult to obtain

3    the insurance records from them and to get any cooperation on

4    my behalf as to whether there was any insurance coverage

5    extended through the corporate veil, through the corporation.

6         MR. HUNN:  Your Honor, this is Robert Hunn and those

7    facts regarding a Mr. Tutorro being in touch with me up until

8    the day of filing the default, that's disputed -- I dispute

9    that.  I did have early contact with Mr. Tutorro, but nothing

10   more.

11        THE COURT:  I take it then, you're not, Mr. Hunn,

12   going to withdraw your motion for default judgment?

13        MR. HUNN:  Correct, your Honor, we're not willing to

14   do so.

15        THE COURT:  All right and I just note, you've

16   acknowledged you haven't had default entered.  Is it your

17   position that a motion for default judgment is appropriate,

18   even if a default had not been entered pursuant to Federal

19   Rule of Civil Procedure 55(a).

20        MR. HUNN:  Your Honor, my -- well, the answer is

21   yes, because my understanding was because it was un-

22   liquidated damages, we had to first file an action motion

23   before entering the default.  We had to do it a little

24   differently.  Now, if you're advising that my understanding

25   is incorrect, then it would still be my position that the

6

1    defendants were given sufficient time to answer.  They were

2    given an extension of time to answer.  Did not answer within

3    sufficient time and we should still have a default in this

4    case.

5            THE COURT:  Well, you can check the court rules and

6    the case laws as to whether your motion is appropriate.  In

7    the event that you determine it is or you believe there is a

8    good cause to maintain it, you can do so.  Ms. Smith will

9    either oppose the motion or not oppose the motion.

10           It would seem to me that that issue would need to be

11   resolved prior to depositions in the case.  Where are we with

12   respect to the schedule for the remainder of the case, as far

13   as conducting discovery?

14           MR. HUNN:  This is Robert Hunn, again.  Mr. Cofsky

15   and I have put together a draft schedule.  It was at a time

16   that, you know, around the time Adagio was being served.  So,

17   it was our thinking that perhaps let's see if Adagio gets in

18   and then we'll be able to fortify and solidify a joint plan.

19   A copy of the plan was sent to Ms. Smith.  We have --

20           THE COURT:  All right, well --

21           MR. HUNN:  I'm sorry, your Honor.

22           THE COURT:  Go ahead.

23           MR. HUNN:   -- a plan to submit to the Court.

24           THE COURT:  So, there is no plan, at this time, is

25   that right?

1          MR. HUNN:  Not one that's been submitted to the

2     Court.

3          THE COURT:  All right and Mr. Cofsky, did you say

4     you've served the third party defendant, but no answer has

5     been filed yet?

6          MR. COFSKY:  I did and I did that, of course, by the

7     mail route, as opposed to personal service.  Since, they're a

8     big outfit, I assumed that they would be responding, but

9     we've yet to hear anything.

10          THE COURT:  I know I also received a letter of

11     February 10th.  It was directed to Mr. Hunn, but it was

12     signed by Ms. Smith, copy to the Court, concerning -- I'm not

13     real sure exactly what it is specifically.  It says for

14     settlement purposes only on the top of the letter.  Ms.

15     Smith?

16          MS. SMITH:  What is the question, Judge?

17          THE COURT:  The letter you sent to Mr. Hunn on

18     February 10th?  You copied the Court, was there a reason you

19     copied the Court?

20          MS. SMITH:  I just thought I was supposed to copy

21     the Court on everything that I send to him, I'm sorry.

22          THE COURT:  No, that's -- no, you don't need to do

23     that.  If you're going to file something with the Court, you

24     would file it, but if you're going to exchange letters to

25     counsel, unless it's something you need the Court to address,

8

 1    you don't need to copy the Court.  All right?

 2         MS. SMITH:  Okay.

 3         THE COURT:  If it's something you want the Court --

 4    if it's a document, an application, a motion you want the

 5    Court to consider, then you should copy the -- send it

 6    directly to the Court and copy your adversaries, all right?

 7         MS. SMITH:  Okay, thank you.

 8         THE COURT:  All right, Mr. Hunn, what's the

 9    prejudice that you allege to suffer if the default is not

10    entered, in light of the fact that no discovery's been

11    conducted to date?

12         MR. HUNN:  Your Honor, we believe the prejudice is

13    that it is clear, at this point, that Ms. Smith does not have

14    insurance.  Therefore, to further litigate the case with her

15    is just going to be a disruptive scenario, since there's not

16    going to be any recovery from her.  We believe her filings

17    and what she has asserted in her filings, bear that out.  We

18    also believe that sufficient time was given, so that, at this

19    point, my client has the right to a default judgment indeed

20    from there.

21         THE COURT:  All right, that's your position.  Ms.

22    Smith, do you oppose a default judgment?

23         MS. SMITH:  Yes, I do oppose it.

24         THE COURT:  All right and are you planning to file

25    opposition to the District Judge on this issue?

1      MS. SMITH:  Yes.

2      THE COURT:  All right.  Well, what I'm going to do

3  is re-schedule this matter for another telephone conference

4  in two weeks and by then, we'll see if the other third party

5  defendant has been served and has entered an appearance.  In

6  addition, the parties should be prepared to argue or address

7  the default judgment motion at that time.  Anything else?

8      MR. HUNN:  Thank you, your Honor.

9      MR. COFSKY:  Your Honor, this is Donald Cofsky.

10  Following up on the letter of February 10, I think that was

11  copied to you, that was sent by Ms. Smith to Mr. Hunn, I've

12  received a letter from Ms. Smith about the end of last week,

13  which addressed just to me and it dealt with, I think,

14  somewhat strategic things, but it was also copied to the

15  Court.  This falls under the same category as that which you

16  had just advised Ms. Smith.  And if she agrees, I think that

17  letter should, when received by the Court, ought to be

18  disposed of, as the one that was also addressed to Mr. Hunn.

19      THE COURT:  You mean the Court need not take any

20  action on the letter?

21      MR. COFSKY:  Well, there is no action being

22  requested by the Court.  I was somewhat surprised when I

23  noticed that the Court was copied and it's obvious the only

24  reason, as Ms. Smith has said, is that she thought the Court

25  was required to be copied on everything.  It was purely a

1  letter from one defendant to another and in fact, had some

2  proposed strategy in there.  So, I think it would be,

3  actually, in appropriate for the Court to have it and I don't

4  see any reason for it even to be reviewed by the Court.  And

5  Ms. Smith, would you agree with me on that?

6      MS. SMITH:  Well, again, I sent it just to make sure

7  all parties were copied.

8      THE COURT:  Was it also sent to Mr. Hunn?

9      MR. HUNN:  Yes, your Honor.

10     MR. COFSKY:  Did you receive that, too, because I

11  didn't see a CC to you on there, Mr. Hunn.

12     MR. HUNN:  Well, you know what, you're right, it's

13  just the February 10th, I apologize.

14     MR. COFSKY:  No, this was one that --

15     MR. HUNN:  I did not get that letter.

16     MR. COFSKY:  No, this was one that just came in the

17  end of last week, addressed to me, with a copy to the Court,

18  but not to you.

19     THE COURT:  To the District Judge or the Magistrate

20  Judge?

21     MR. COFSKY:  Good question.  Let me see if I can put

22  my hands on it.

23     MS. SMITH:  There was a copy delivered to both.

24     THE COURT:  All right, so, Mr. Cofsky, if you have a

25  request that the Court not consider it and not provide a copy

1   to Mr. Hunn, you need to put that request in a letter with

2   whatever authority you have on that issue that it includes

3   confidential information.  Mr. Hunn, do you have an objection

4   to not receiving a copy?

5           MR. HUNN:  I do not have an objection.

6           MR. COFSKY:  Actually, I'm looking at the letter

7   right now and it was addressed to me and it says CC: Judge

8   Ann Donio, Magistrates Court, USDC, New Jersey, Camden.

9           THE COURT:  All right, so, Mr. Hunn has indicated on

10  the record he has no objection to the Court not considering

11  the letter.  Can you just put your request in a letter to the

12  Court?

13          MR. COFSKY:  Sure.

14          THE COURT:  All right.  Anything else?

15          MR. COFSKY:  Since this was only a copy to you,

16  should I address it directly to you?

17          THE COURT:  You can address it directly to me, but

18  you should copy Mr. Hunn on the letter, because you're not

19  going to reveal the contents of the letter -- of the prior

20  letter --

21          MR. COFSKY:  Okay.

22          THE COURT:  -- but if there's any authority you wish

23  the Court to consider, I will do so.  All right?

24          MR. COFSKY:  Sounds good.

25          THE COURT:  Anything else?

12

1        MR. COFSKY:  That would be it.  Is there a date you
2   would wish to set now?
3        THE COURT:  I will have the date electronically put
4   -- I will enter a scheduling order and that date will be put
5   on the docket and then you'll all receive notice of it,
6   either electronically or via mail, depending on how the
7   clerk's office addresses each of the parties, all right.
8        MR. COFSKY:  Very good.
9        THE COURT:  It will be three to four weeks and at
10  that time, as I indicated, the Court will also, if it hasn't
11  already been resolved by the District Judge, consider the
12  application on the default judgment.  Okay?
13        MR. HUNN:  Thank you, your Honor.  Your Honor, one
14  last thing, this is Robert Hunn.  I am attached for trial the
15  week of March 23rd.  You know, certainly, I'll try to
16  accommodate the Court.
17        THE COURT:  Well, we'll work around that week.
18        MR. HUNN:  I appreciate that, thank you, your Honor.
19        THE COURT:  Anything else?
20        MR. COFSKY:  That's it.
21        THE COURT:  All right, we'll conduct the next
22  conference by telephone, if that's acceptable to all parties?
23        MR. COFSKY:  Sure.
24        MR. HUNN:  Yes.
25        MR. COFSKY:  Yes.

13

1          THE COURT:  All right, you all have a good day.

2          MR. HUNN:  Thank you, your Honor.

3          MR. COFSKY:  Thank you.

4          MS. SMITH:  Thank you.

5          THE COURT:  Thank you.

6          (Proceeding adjourned 10:49 o'clock a.m.)

7                              *  *  *

<u>CERTIFICATION</u>

     I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


s:/Geraldine C. Laws, CET        Dated 9/16/10
Laws Transcription Service